Filed 6/27/13  P. v. Schlaick CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038758 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS082642A, SS082998A) |
| v. | |
| MICHAEL WILLIAM SCHLAICK, | |
| Defendant and Appellant. | |

## INTRODUCTION

Defendant Michael William Schlaick appeals from post-judgment orders denying his motion for additional presentence conduct credit under Penal Code section 4019.[1]  For reasons that we will explain, we will affirm the orders.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In July 2011, in case No. SS082642A, defendant pleaded no contest to one count of commercial burglary (§ 459) and pleaded guilty to one count of commercial burglary.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant's convictions in case Nos. SS082642A and SS082998A were the subject of his appeal in our case No. H037426.  This court ultimately dismissed the appeal pursuant to defendant's request.  In his opening brief in the instant appeal, defendant indicates that he "has moved" for judicial notice of the record from the prior appeal.  No such motion has been filed in this court.  On the court's own motion, the court takes judicial notice of the record in defendant's prior appeal, case No. H037426. (Evid. Code, § 452, subd. (d)(1).)  Some of the factual and procedural background is taken from that record.

The offenses took place on or about September 5, 2008. Defendant also admitted that he had a prior strike (§ 1170.12, subd. (c)(1)) and that he had served two prior prison terms (§ 667.5, subd. (b)). In case No. SS082998A, defendant pleaded no contest to commercial burglary. The offense took place on or about September 13, 2008. Defendant also admitted that he had a prior strike (§ 1170.12, subd. (c)(1)). Defendant entered the pleas and admissions in both cases with the understanding that his maximum sentence would be 10 years eight months.

On September 20, 2011, the trial court sentenced defendant to a total term of seven years four months in prison for both cases. Regarding presentence custody credits, in case No. SS082998A, the court granted defendant 879 days of custody credits, consisting of 587 actual days plus 292 days conduct credit. No custody credits were awarded in case No. SS082642A.

In August 2012, defendant filed a motion in both cases seeking additional presentence conduct credit under the October 2011 version of section 4019. Defendant contended that this version of section 4019 applied to him based on state and federal equal protection principles. The trial court denied the motion as to both cases. Defendant filed a notice of appeal from the orders.

## DISCUSSION

Defendant contends that his conduct credit should be calculated pursuant to the current version of section 4019, which was operative after he was sentenced in September 2011, and that, under the current version, he is entitled to 586 days conduct credit rather than the 292 days granted by the trial court in case No. SS082998A. Although he acknowledges that the current version of section 4019 "provides that it is applicable solely to cases where the offenses were committed on or after October 1, 2011," defendant contends that the equal protection clause of the federal Constitution requires that the current version be applied to him. Defendant acknowledges that his argument has been rejected by the California Supreme Court in *People v. Lara* (2012)

2

54 Cal.4th 896 (*Lara*) and by the Court of Appeal in *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1550 (*Ellis*). He states, however, that the analysis in those cases "is inconsistent with the Fourteenth Amendment," that he "intends to urge reconsideration in the California Supreme Court," and that he "seeks to preserve the issue . . . with respect to federal court review."

The Attorney General contends that defendant is not entitled to additional conduct credit. We agree.

The current version of section 4019 became operative on October 1, 2011. (*Ellis*, *supra*, 207 Cal.App.4th at pp. 1549-1550.) This version generally provides that a defendant may earn conduct credit at a rate of two days for every two-day period of actual custody. (§ 4019, subds. (b), (c) & (f).) However, as defendant acknowledges, the current version of section 4019 states that the conduct credit rate "shall apply prospectively and shall apply to prisoners who are confined to a county jail [or other local facility] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) In this case, defendant committed his crimes and was sentenced *prior* to October 1, 2011. Thus the October 2011 version of section 4019, which provides for prospective application, does not apply to defendant. (§ 4019, subd. (h); *People v. Brown* (2012) 54 Cal.4th 314, 322, fn. 11 (*Brown*); *Lara*, *supra*, 54 Cal.4th at p. 906, fn. 9; *Ellis*, *supra*, 207 Cal.App.4th at p. 1550; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-396 (*Kennedy*).)

We are not persuaded by defendant's argument that the equal protection clause of the federal Constitution requires that the October 2011 version of section 4019 be retroactively applied to him.

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection

3

clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citation.]" (*Brown*, *supra*, 54 Cal.4th at p. 328.)

We find *Brown* instructive on the equal protection issue raised by defendant in this case. In *Brown*, the California Supreme Court held that a former version of section 4019, effective January 25, 2010, applied prospectively, and that the equal protection clauses of the state and federal Constitutions did not require retroactive application. (*Brown*, *supra*, 54 Cal.4th at p. 318.) In addressing the equal protection issue, the court determined that "prisoners who served time before and after [the January 2010 version of] section 4019 took effect are not similarly situated . . . ." (*Brown*, *supra*, at p. 329.) On this point, the California Supreme Court found *In re Strick* (1983) 148 Cal.App.3d 906 (*Strick*), "persuasive" and quoted from that decision as follows: " 'The obvious purpose of the new section,' . . . 'is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison.' [Citation.] '[T]his incentive purpose has no meaning if an inmate is unaware of it. The very concept demands prospective application.' [Citation.] 'Thus, inmates were only similarly situated with respect to the purpose of [the new law] on [its effective date], when they were all aware that it was in effect and could choose to modify their behavior accordingly.' [Citation.]" (*Brown*, *supra*, at p. 329.)

Defendant argues that his case is analogous to *In re Kapperman* (1974) 11 Cal.3d 542 (*Kapperman*), where the California Supreme Court concluded that equal protection required the retroactive application of a statute granting credit for time served in local custody before sentencing and commitment to state prison. In *Brown*, however, the California Supreme Court explained that "*Kapperman* does not hold or suggest that

4

prisoners serving time before and after the effective date of a statute authorizing *conduct* credits are similarly situated." (*Brown*, *supra*, 54 Cal.4th at p. 330.)

Defendant also relies on the following language from *Griess v. Colorado* (D.Colo. 1985) 624 F.Supp. 450 (*Griess*): "The sole state interest in the good time scheme, as applied to defendant, is to induce good behavior. Not allowing good-time credit for pre-sentence incarceration, but doing so for prison confinement, is not . . . rationally related to the states' end of good prisoner behavior." (*Id.* at p. 457.) We are not persuaded by defendant's reliance on *Griess*. Our Supreme Court has stated that in California, "the pre- and postsentence credit systems serve disparate goals and target persons who are not similarly situated." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 36; see *People v. Heard* (1993) 18 Cal.App.4th 1025 [differences in conduct credit formulas for pretrial detainees under former section 4019 and state prison inmates under section 2931 did not violate equal protection].)

Moreover, as defendant acknowledges, the California Supreme Court in *Lara* rejected the contention, similar to the one made by defendant in this case, that the prospective application of the October 2011 version of section 4019 denied the defendant equal protection. (*Lara*, *supra*, 54 Cal.4th at p. 906, fn. 9.) Citing *Brown*, the California Supreme Court in *Lara* explained that prisoners who serve their pretrial detention before the effective date of a law increasing conduct credits, and those who serve their detention thereafter, "are not similarly situated with respect to the law's purpose." (*Lara*, *supra*, at p. 906, fn. 9; but see *People v. Verba* (2012) 210 Cal.App.4th 991, 995-996.)

Following *Brown* and *Lara*, we determine that defendant is not entitled to additional conduct credit under the October 2011 version of section 4019. (See *Auto Equity Sales, Inc*. v. *Superior Court* (1962) 57 Cal.2d 450, 455; *Ellis*, *supra*, 207 Cal.App.4th at p. 1548 ["prospective-only application" of the October 2011 version of section 4019 does not violate equal protection]; *Kennedy*, *supra*, 209 Cal.App.4th at

5

p. 397 ["the reasoning of *Brown* applies with equal force to the prospective-only application of the current version of section 4019"].)

## DISPOSITION

In case No. SS082642A, the trial court's order denying defendant presentence conduct credit is affirmed.

In case No. SS082998A, the trial court's order denying defendant additional presentence conduct credit is affirmed.


_____

BAMATTRE-MANOUKIAN, J.




WE CONCUR:




_____

ELIA, ACTING P.J.




_____

MÁRQUEZ, J.