Filed 7/19/12

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S192784 |
| v. | ) | |
| | ) | Ct.App. 6 H036143 |
| RICARDO ANTONIO LARA, | ) | |
| | ) | Santa Clara County |
| Defendant and Appellant. | ) | Super. Ct. No. E1007527 |
| _____ | ) | |

Effective January 25, 2010, the Legislature increased the rate at which prisoners in local custody could earn "conduct credits" against their term of confinement for work and good behavior. (Pen. Code, former § 4019, subds. (b)(1), (c)(1) & (f), as amended by Stats. 2009, 3d Ex. Sess., ch. 28, § 50 (hereafter former section 4019).)[1] The Legislature withheld this possibility of early release, however, from any prisoner who was required to register as a sex offender (see § 290 et seq.), was committed for a serious felony (see § 1192.7), or had a prior conviction for a serious or violent felony (see §§ 667.5, 1192.7). (Former § 4019, subds. (b)(2), (c)(2).) We granted review to decide whether a court may award credits at the increased rate to a categorically disqualified

---

[1] (Subsequently amended by Stats. 2010, ch. 426, § 2, Stats. 2011, ch. 15, § 482, Stats. 2011, ch. 39, § 53, and Stats. 2011, 1st Ex. Sess., ch. 12, § 35.)

All further statutory references are to the Penal Code, except as noted.

1

prisoner by ignoring the disqualifying facts.  Defendant contends the court has that authority as an aspect of its discretionary power to dismiss a criminal action "in furtherance of justice."  (§ 1385, subd. (a); see generally *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531; *People v. Burke* (1956) 47 Cal.2d 45, 50-51.)  We conclude section 1385 does not confer such authority.

## I. BACKGROUND

Defendant and a companion assaulted and seriously injured a man outside a Sunnyvale bar on February 11, 2010.  Arrested and charged after fleeing the scene, defendant pled no contest to one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) and admitted several violations of probation.  Pursuant to the terms of a plea bargain, the court exercised its power under section 1385 to strike the allegation that defendant had previously been convicted of first degree burglary (§§ 459, 460, subd. (a)), a serious offense (see § 1192.7, subd. (c)(1)(18)) that would otherwise have qualified him for sentencing under the Three Strikes law (§§ 667, subds. (b)-(i)), 1170.12) and a five-year enhancement (§ 667, subd. (a)(1)).  The court also struck the allegation that defendant had inflicted serious bodily injury.  (§ 12022.7, subd. (a) [three-year enhancement].)  Based on this negotiated disposition, the court imposed a sentence of two years in state prison.

The question arose whether defendant's prior conviction for burglary, which the court had stricken, nevertheless disqualified him from receiving day-for-day presentence conduct credits under former section 4019.  (See *id.*, subds. (b)(2), (c)(2).)  Defendant contended that section 1385 permitted the court to disregard the prior conviction for purposes of credits, and the People disagreed.  The court concluded it had no power to disregard the prior and awarded 116 days of conduct credits rather than the 232 to which defendant would otherwise have been entitled.

Defendant appealed the judgment as to credits. The Court of Appeal reversed to that extent and remanded, directing the trial court to "exercise its discretion [under section 1385] to decide whether its order striking enhancements should be applied so as to maximize defendant's presentence credits under the version of [former section 4019] applicable to this case."

We granted the People's petition for review.

## II. DISCUSSION

The ultimate question before us is whether section 1385 authorizes a court to disregard the historical facts that disqualify a local prisoner from earning day-for-day conduct credits under former section 4019. We conclude the court's authority under section 1385 does not extend so far.

Section 1385 permits a court, "in furtherance of justice, [to] order an action to be dismissed." (*Id.*, subd. (a).) Although the statute literally authorizes a court to dismiss only an entire criminal action, we have held it also permits courts to dismiss, or "strike," factual allegations relevant to sentencing, such as those that expose the defendant to an increased sentence. (E.g., *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497, 504 [prior serious or violent convictions alleged in order to invoke the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12 )]; *People v. Burke*, *supra*, 47 Cal.2d 45, 50-51 [prior narcotics conviction alleged in order to invoke former statute requiring state prison term].) However, the court's power under section 1385 is not unlimited; it reaches only the "individual charges and allegations in a criminal action." (*People v. Thomas* (2005) 35 Cal.4th 635, 644.) Thus, a court may not strike facts that that need not be charged or alleged, such as the sentencing factors that guide the court's decisions whether to grant probation (see Cal. Rules of Court, rule 4.414) or to select the upper, middle or lower term for an offense (*id.*, rules 4.421, 4.423). (See generally *In re Varnell* (2003) 30 Cal.4th 1132, 1137, 1139.)

3

The historical facts that limit a defendant's ability to earn conduct credits do not form part of the charges and allegations in a criminal action. Certainly a court must afford a defendant due process — notice and a fair hearing — in determining the amount of conduct credit to which he or she is entitled. (*People v. Duesler* (1988) 203 Cal.App.3d 273, 276-277.) But the courts of this state have rejected the argument that the People must allege credit disabilities in the accusatory pleading or prove the disabling facts to the trier of fact. Concerning notice, the court in *People v. Fitzgerald* (1997) 59 Cal.App.4th 932 (*Fitzgerald*), held that an information charging the defendant with violent felonies gave him sufficient notice that, if convicted, section 2933.1 would restrict his presentence conduct credits to 15 percent of the maximum otherwise permitted. The People were not required to plead the effect that a conviction would have on credits. (*Fitzgerald*, at pp. 936-937.) Concerning proof, the court in *People v. Garcia* (2004) 121 Cal.App.4th 271 (*Garcia*) concluded that the question whether a defendant's current felony offenses were "violent" (§ 667.5), and thus limited his credits under section 2933.1, was "part of the trial court's traditional sentencing function" (*Garcia*, at p. 274), rather than a question that had to be decided by the jury. Although the federal Constitution requires that any fact, " '[o]ther than the fact of a prior conviction, . . . that increases the penalty for a crime beyond the prescribed statutory maximum . . . be submitted to a jury, and proved beyond a reasonable doubt' " (*Garcia*, at p. 277, quoting *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490), facts invoked to limit conduct credits do not increase the penalty for a crime beyond the statutory maximum (*Garcia*, at p. 277).

Defendant argues we should adopt the rule that credit disabilities must formally be pled and proved in order to bring them within the court's discretionary power under section 1385 to strike the "charges and allegations in a criminal action." (*People v. Thomas*, *supra*, 35 Cal.4th 635, 644.) Absent constitutional

4

compulsion, however, the matter is in the first instance one of legislative intent. " '[W]hen a pleading and proof requirement is intended, the Legislature knows how to specify the requirement' " (*In re Varnell*, *supra*, 30 Cal.4th 1132, 1141, quoting *People v. Dorsch* (1992) 3 Cal.App.4th 1346, 1350), but the Legislature specified no such requirement in former section 4019. Presumably the Legislature accepted the already established rule that facts invoked to limit credits need not be formally pled or proved. (See *Garcia*, *supra*, 121 Cal.App.4th 271, 276-280; *Fitzgerald*, *supra*, 59 Cal.App.4th 932, 936-937.)

Nor do we perceive anything in the legislative history of former section 4019 on which to base an implied pleading and proof requirement. Indeed, to attribute to the Legislature the unexpressed intent to create such a requirement would seem inconsistent with another, clearly expressed aspect of legislative intent. Former section 4019 was adopted during a state fiscal emergency as part of a larger measure intended to save the state money by releasing eligible prisoners early to reduce jail and prison populations and by emphasizing programs designed to prevent recidivism. (Stats. 2009, 3d Ex. Sess., ch. 28, § 50.) Increasing the rate at which prisoners could earn presentence conduct credits was one such measure. Throughout the legislation, however, the Legislature indicated its unwillingness to extend certain of the new ameliorative benefits to the same category of high-risk offenders who were disqualified from earning day-for-day conduct credits under former section 4019 because of their current serious felonies, their prior serious or violent felonies, or their status as registered sex offenders. For example, section 3000.03 prohibits the return of many parolees to prison for parole violations but excepts persons with the criminal history just mentioned. (§ 3000.03, subds. (a), (b).) Similarly, section 3050 requires the Department of Corrections and Rehabilitation, when releasing an inmate who has successfully completed an in-prison drug treatment program, to place the inmate in a 150-day residential drug

5

treatment program, but this opportunity is withheld from persons with the specified criminal history. (§ 3050, subd. (a).) In both cases, the disability appears to be automatic; nothing in the statutory language suggests an exercise of discretion is involved. To infer a pleading and proof requirement for the credit disability specified in former section 4019, simply in order to bring the disabling facts within the court's discretionary power to strike "charges and allegations" (*People v. Thomas*, *supra*, 35 Cal.4th 635, 644; see § 1385, subd. (a)), would thus frustrate the Legislature's intent with respect to a specific category of high-risk offenders.

Moreover, because conduct credits are a matter in which courts traditionally exercise very limited discretion,[2] to adopt a pleading and proof requirement for credit disabilities, for no reason other than to bring them within the court's discretionary power to strike allegations (§ 1385, subd. (a)), seems unwise. A defendant is entitled to presentence conduct credits under section 4019 "unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned" (*id.*, subd. (b)) or has "not satisfactorily complied with the reasonable rules and regulations established by the [local custodial authority]" (*id.*, subd. (c) [current and former versions of statute identical in these respects]). The court awards such credits at the time of sentencing (§ 2900.5, subd. (a)), not as an exercise of discretion, but based on the sheriff's report of "the number of days that [the] defendant has been in custody and for which he or she may be entitled to credit," and only after hearing any challenges to the report. (Cal. Rules of Court,

---

**2**    Although a state need not offer conduct credits, a prisoner's statutory entitlement to them entails a liberty interest protected by due process that may not be arbitrarily withheld. (*Wolff v. McDonnell* (1974) 418 U.S. 539, 556-557; cf. *People v. Duesler*, *supra*, 203 Cal.App.3d 273, 277.)

rule 4.310.)  When the People claim the defendant has forfeited credits through misconduct, the People have the burden of proof.  (*People v. Johnson* (1981) 120 Cal.App.3d 808, 815.)  The court's resolution of such a dispute is reviewable for abuse of discretion, and the court enjoys some discretion in determining the amount of credit to be withheld for a serious act of misconduct.  (*Id.*, at p. 811; see also *People v. Deusler*, *supra*, 203 Cal.App.3d 273.)  But no authority suggests the court's discretion in the matter is so broad as to permit it to withhold conduct credits from a prisoner who has satisfied the statutory prerequisites and is entitled to receive them,[3] or to grant credits to a defendant who is ineligible to receive them by reason of misbehavior or statutory disability.

Defendant contends that credit disabilities must be pled and proved to the trier of fact because they increase punishment.  With this argument, defendant in effect seeks to extend the rule of a line of cases requiring formal pleading and proof of facts that increase a defendant's sentence (e.g., *People v. Ford* (1964) 60 Cal.2d 772, 794 (*Ford*)) or that completely disqualify a defendant from receiving probation (*People v. Lo Cicero* (1969) 71 Cal.2d 1186, 1192-1193 (*Lo Cicero*)).  We do not believe the rule can properly be extended to require similarly formal determination of the facts that limit a prisoner's ability to earn conduct credits.

The defendant in the leading case, *Ford*, *supra*, 60 Cal.2d 772, was convicted and sentenced to death for homicide and also to a term of imprisonment for a variety of noncapital crimes including burglary, robbery and kidnapping.  The trial court had increased the sentences for each of the noncapital offenses under former

---

**3**     A prisoner may waive presentence credits, including conduct credits, as part of a negotiated disposition.  (See, e.g., *People v. Arnold* (2004) 33 Cal.4th 294, 302; *People v. Black* (2009) 176 Cal.App.4th 145, 152-155.)

7

sections 3024[4] (minimum sentences for persons armed with deadly weapons or previously convicted of felonies) and 12022[5] (enhancements for committing felonies while carrying dangerous weapons), purporting to find the requisite facts true even though they had not had been alleged in the information or presented to the jury. (*Ford*, at p. 794.) We struck these portions of the judgment, holding as follows: "Before a defendant can properly be sentenced to suffer the increased penalties [i.e., a minimum term under § 3024 or an enhanced term under § 12022] flowing from either such finding . . . the fact of the prior conviction or that the defendant was thus armed must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived." (*Ford*, at p. 794; see also *People v. Hernandez* (1988) 46 Cal.3d 194, 204-206 [requiring pleading and proof of three-year enhancement for kidnappings committed for the purpose of rape (§ 667.8)].) In *Lo Cicero*, *supra*, 71 Cal.2d 1186, we extended the rule of *Ford*, *supra*, 60 Cal.2d 772, to require pleading and proof of prior narcotics convictions used to render a defendant completely ineligible for probation under Health and Safety Code former section 11715.6.[6] We explained that "[t]he denial of opportunity for probation involved here is equivalent to an increase in penalty, and the principle declared in *Ford* should apply." (*Lo Cicero*, at p. 1193.)

Our 1964 decision in *Ford*, *supra*, 60 Cal.2d 772, anticipated in some respects later developments in federal constitutional law. In 2000, as noted, the United States Supreme Court in *Apprendi v. New Jersey*, *supra*, 530 U.S. 466,

---

[4]     (As amended by Stats. 1957, ch. 1617, § 3, p. 2964.)

[5]     (As amended by Stats. 1953, ch. 36, § 1, p. 654.)

[6]     (As amended by Stats. 1959, ch. 1112, § 13, p. 3196.)

8

490, interpreted the Sixth and Fourteenth Amendments to the federal Constitution as requiring that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Our earlier decision in *Ford*, while speaking more broadly, was motivated by the same basic concern *that the jury's verdict must authorize the sentence*. (See *Ford*, at p. 794 [a defendant cannot "properly be sentenced to suffer the increased penalties flowing from" a finding that has not been "charged in the accusatory pleading . . . and the truth of the allegation determined by the jury"].)**7** In contrast, we have never applied *Ford* to require formal pleading and proof of facts that do not define the range of permissible sentencing for an offense by enhancing the term, prescribing a minimum term, or utterly precluding probation. For example, in *In re Varnell*, *supra*, 30 Cal.4th 1132, we refused to extend *Ford* to require pleading and proof of the facts that disqualified a narcotics offender for mandatory probation and drug treatment under section 1210.1, because the defendant remained eligible for probation under the more general terms of section 1203. Rather than defining the range of permissible sentencing, we explained, such facts functioned as " 'sentencing factors' " that " 'support[ed] a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense.' " (*In re Varnell*, *supra*, at p. 1135 & fn. 3, quoting *Apprendi v. New Jersey*, *supra*, 530 U.S. 446, 494, fn. 19; see also *People v. Dorsch*, *supra*, 3 Cal.App.4th 1346, 1350 [holding the People need not formally plead and prove

---

**7** Cf. *Blakely v. Washington* (2004) 542 U.S. 296, 304: "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' [citation] and the judge exceeds his proper authority."

facts that ordinarily bar probation under § 1203, because the statute gives the court discretion to grant probation despite the disqualifying facts "in unusual cases" (§ 1203, subd. (e))].)

The facts that disqualify a local prisoner from earning day-for-day conduct credits under former section 4019 are unlike sentencing factors in that they do not guide the court in selecting a sentence from within the range established by statute. Like sentencing factors, however, the disqualifying facts cannot remove a sentence from the statutory range. Instead, they merely limit a defendant's ability to earn credits against a sentence for good behavior. For this reason, to hold that the disqualifying facts need not formally be pled and proved does not implicate the core concern underlying the rule of *Ford*, *supra*, 60 Cal.2d 772 — the need to ensure that the jury's verdict authorizes the sentence.

Defendant insists that to limit a prisoner's opportunity to earn conduct credits is to increase punishment. Reasoning by analogy, defendant notes that a law reducing conduct credits, as applied to a prisoner whose offense preceded the law's effective date, implicates the ex post facto clause (U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9) because it "substantially alters the consequences attached to a crime already completed, and therefore changes 'the quantum of punishment.' "[8] (*Weaver v. Graham* (1981) 450 U.S. 24, 33; cf. *Lynch v. Mathis* (1997) 519 U.S. 433, 441-443.) We need not take issue with the proposition that a person who is released a day early is punished a day less. The very purpose of conduct credits is to foster constructive behavior in prison by reducing punishment. However, the conclusion that credit-limiting facts must formally be

---

[8] No question under the ex post facto clause is before us because defendant committed his offense after former section 4019 took effect.

10

pled and proved does not follow. As explained, we have imposed such a requirement only as to facts that define the permissible range of sentencing for an offense by increasing the sentence, prescribing a minimum term, or entirely precluding probation. (E.g., *People v. Hernandez, supra*, 46 Cal.3d 194, 204-206; *Lo Cicero, supra*, 71 Cal.2d 1186, 1192-1193; *Ford, supra*, 60 Cal.2d 772, 794.)[9]

We thus turn to the disposition. The People were not, as we have explained, required to plead defendant's credit disabilities in the complaint or prove them to the trier of fact. As also noted, however, defendant is entitled to due process in the award of credits, which in this context entails sufficient notice of the facts that restrict his ability to earn credits and, if he does not admit them, a reasonable opportunity to prepare and present a defense. (Cf. *Fitzgerald, supra*, 59

---

[9]    Today local prisoners may earn day-for-day credit without regard to their prior convictions. (See § 4019, subds. (b), (c) & (f), as amended by Stats. 2011, ch. 15, § 482.) This favorable change in the law does not benefit defendant because it expressly applies only to prisoners who are confined to a local custodial facility "*for a crime committed on or after October 1, 2011*." (§ 4019, subd. (h), italics added.)

Defendant argues the Legislature denied equal protection (see U.S. Const., 14th Amend.; Cal. Const., art. I, § 7) by making this change in the law expressly prospective. We recently rejected a similar argument in *People v. Brown* (2012) 54 Cal.4th 314, 328-330 (*Brown*).) As we there explained, " '[t]he obvious purpose' " of a law increasing conduct credits " 'is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison.' [Citation.] '[T]his incentive purpose has no meaning if an inmate is unaware of it. The very concept demands prospective application.' " (*Brown*, at p. 329, quoting *In re Strick* (1983) 148 Cal.App.3d 906, 913.) Accordingly, prisoners who serve their pretrial detention before such a law's effective date, and those who serve their detention thereafter, are not similarly situated with respect to the law's purpose. (*Brown*, at pp. 328-329.)

11

Cal.App.4th 932, 936-937; *People v. Duesler*, *supra*, 203 Cal.App.3d 273, 276-277.)

In the case before us, the historical fact that limits defendant's presentence conduct credits under former section 4019 is his prior conviction for first degree burglary (§§ 459, 460, subd. (a)) because it is a serious felony (see § 1192.7, subd. (c)(1)(18)). The People pled the prior conviction for the different purpose of triggering various statutory sentence enhancements. Nevertheless, as we have explained, this pleading was sufficient to inform defendant that his presentence conduct credits might be limited. The trial court struck the allegation under section 1385 in order to avoid the enhancements, but "when a court has struck a prior conviction allegation it has not 'wipe[d] out' that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the defendant's personal history" and available for other sentencing purposes. (*People v. Garcia* (1999) 20 Cal.4th 490, 499; see *In re Varnell*, *supra*, 30 Cal.4th 1132, 1138; *People v. Burke*, *supra*, 47 Cal.2d 50, 51.)[10]

Having thus given sufficient notice of the prior, the People also proved it sufficiently through the probation report. Faced with the report's assertion that a prior conviction did exist, and having the duty to make an offer of proof to preserve for appeal any claim of error in the report (e.g., *People v. Welch* (1993) 5

---

[10] We find nothing of relevance to this case in subdivision (c)(1) of section 1385, which provides that, "[i]f the court has the authority . . . to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice . . . ." Former section 4019, in limiting the ability of prisoners with certain prior convictions to earn conduct credits at the maximum rate, does not impose "additional punishment for [any] enhancement." (§ 1385, subd. (c)(1).) Rather, the credit limitations in former section 4019 operate because of the historical fact of a prior conviction without reference to whether any enhancement has been found true. (See *id.*, subds. (b)(2), (c)(2).)

12

Cal.4th 228, 234-235), defendant raised no factual objection and made no offer of proof.  Instead, he presented the purely legal argument that credit-limiting facts must formally be pled and proved to the trier of fact.  Having correctly rejected that argument, the trial court reasonably relied on the report in determining defendant's presentence credits.

### III. DISPOSITION

The judgment of the Court of Appeal is reversed.

WERDEGAR, J.

WE CONCUR:

CANTIL-SAKAUYE, C.J.
KENNARD, J.
BAXTER, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

13

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Lara

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 193 Cal.App.4th 1393
**Rehearing Granted**

_____

**Opinion No.** S192784
**Date Filed:** July 19, 2012

_____

**Court:** Superior
**County:** Santa Clara
**Judge:** Kenneth Paul Barnum

_____

**Counsel:**

William M. Robinson, under appointment by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Eric D. Share, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

William M. Robinson
100 N. Winchester Blvd., Suite 310
Santa Clara, CA  95050
(408) 241-6171

Gerald A. Engler
Assistant Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-1375