Filed 3/4/13  P. v. Salinas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JONATHAN CESARIO SALINAS, <br><br> Defendant and Appellant. | H037171 <br> (Santa Clara County <br> Super. Ct. No. CC953249) |

Defendant Jonathan Cesario Salinas was sentenced to state prison in May 2011 for his 2009 offenses.  He contends that he is entitled to additional conduct credit under the expressly prospective-only version of Penal Code section 4019[1] that took effect in October 2011.  We reject his contention and affirm the judgment.

## I.  Background

The facts of defendant's offenses are not relevant to his appellate contention.  All of his offenses occurred in August 2009.  In April 2010, defendant pleaded no contest to leaving the scene of an accident resulting in injury or death (Veh. Code, § 20001, subds. (a), (b)(1)), possession of a billy (former § 12020, subd. (a)(1)), misdemeanor battery (§§ 242, 243, subd. (a)), and felony battery causing serious bodily injury (§§ 242,

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise specified.

243, subd. (d)).  He also admitted that the felony battery count was a serious felony because he had personally inflicted great bodily injury.  (§§ 667, 1192.7)  In May 2010, the court suspended imposition of sentence and placed defendant on probation conditioned upon, among other things, a one-year jail term.  At that time, he was given credit for 239 days of actual custody and 118 days of conduct credit for a total of 357 days of credit.

In November 2010, his probation was revoked.  Defendant admitted violating his probation.  In May 2011, he was committed to state prison to serve a three-year term.  He was credited with 333 days of actual custody and 166 days of conduct credit for a total of 499 days.  Defendant timely filed a notice of appeal.

## II.  Analysis

Defendant claims that he was entitled to additional conduct credit under the version of section 4019 that took effect in October 2011.

Until January 2010, section 4019 provided that a defendant would receive two days of conduct credit for every four days of actual custody.  From January 2010 until September 2010, section 4019 temporarily increased this to two days of conduct credit for every two days of actual custody, but this increase did not apply to a defendant who was being committed for a serious felony.  (*People v. Brown* (2012) 54 Cal.4th 314, 317-318 (*Brown*); Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50.)  In September 2010, section 4019 was again amended and section 2933 was also amended with regard to presentence conduct credit.  These statutes also provided that a defendant being committed for a serious felony would receive two days of conduct credit for every four days of actual custody.  (Stats. 2010, ch. 426, §§ 1, 2; former § 2933, subd. (e).)  A new version of section 4019 became operative in October 2011.  This version provided for two days of conduct credit for every *two* days of actual custody, and it did not exclude from its ambit a defendant who was being committed for a serious felony conviction.

(Stats. 2011, ch. 15, § 482; Stats. 2011, ch. 39, § 53; Stats. 2011, 1st Ex. Sess., 2011-2012, ch. 12, § 35.)  However, the October 2011 version of section 4019 provided that it was prospective only:  "(g) The changes in this section as enacted by the act that added this subdivision shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp *for a crime committed on or after the effective date of that act*."  (§ 4019, subd. (g).)

Defendant argues that the trial court violated his right to equal protection by failing to apply the October 2011 version of section 4019 to him.  He contends that even though his crimes occurred prior to the October 1, 2011 prospective date upon which conduct credit was increased by the Legislature, he was entitled to have the two-for-two conduct credit scheme applied to him.

Both the federal and state Constitutions guarantee the right to equal protection of the laws.  (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.)  " ' ' 'The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' ' [Citation.]"  (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)  Since the amendments to section 4019 do not involve a " ' ' " 'suspect classification' ' " ' " or a " ' ' " 'fundamental interest,' ' " ' " courts apply the rational basis test to determine whether the "distinction drawn by the challenged statute bears some rational relationship to a conceivable legitimate state purpose."  (*In re Stinnette* (1979) 94 Cal.App.3d 800, 805.)

Defendant maintains that he is similarly situated to a defendant whose crime was committed *after* October 1, 2011.  In *Brown*, the California Supreme Court rejected a similar argument with respect to a previous version of section 4019.  It found that prospective only application of the new version of the statute did not violate equal protection because the purpose of the statute was to create an incentive for good behavior, which could not be done retroactively.  (*Brown*, *supra*, 54 Cal.4th at pp. 328-330.)  "[T]he important correctional purposes of a statute authorizing incentives

3

for good behavior [citation] are not served by rewarding prisoners who served time *before the incentives took effect* and thus could not have modified their behavior in response." (*Brown*, at pp. 328-329, italics added; see also *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9 (*Lara*).)  In his reply brief, defendant concedes that *Brown* dooms his contention, that we are bound by *Brown*, and that he is not entitled to additional conduct credit.  We appreciate his accurate concession and accept it.

### III.  Disposition

The judgment is affirmed.


_____
Mihara, J.



WE CONCUR:




_____
Premo, Acting P. J.




_____
Márquez, J.


4