Filed 7/3/13  P. v. Koontz CA2/6

Opinion following remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TREVOR LEE KOONTZ,<br><br>  Defendant and Appellant. | 2d Crim. No. B224697<br>2d Crim. No. B224701<br>(Super. Ct. No. 2009029278 )<br>(Super. Ct. No. 2009002554)<br>(Ventura County)<br>ON REMAND |

This case is before us on remand from the California Supreme Court to reconsider the cause in light of *People v. Brown* (2012) 54 Cal.4th 314 and *People v. Lara* (2012) 54 Cal.4th 896.  (Cal. Rules of Court, rule 8.528(d).  Having read and considered the supplemental briefs, we vacate our prior decision and conclude that appellant is not entitled to enhanced conduct credits under former Penal Code section 4019 which was in effect on January 25, 2010.[1]  (Stats. 2009, 3d Ex.Sess. 2009-2010, ch. 28, § 50.)

### *Facts and Procedural History*

In exchange for an indicated three-year sentence, Trevor Lee Koontz pled guilty in case number 2009029278 to felony child endangerment (Pen. Code, § 273a, subd. (a)), and admitted a prior serious felony conviction (§§ 667, subds. (a)(1) & (e)(1); 1170.12,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

subds. (a)(1) & (c)(1)) and admitted suffering two prior prison terms (§ 667.5, subd. (b)). The trial court struck the prior serious felony conviction and a prior prison term. On March 16, 2010, it sentenced appellant to three years state prison. The court awarded 219 days actual credit plus 108 days conduct credit (§ 4019, subds. (b)(2) & (c)(2)) but ruled that appellant was not eligible to receive one-for-one conduct credits (an additional 108 days conduct credit) due to the prior serious felony strike conviction.[2]

Appellant argued that the order striking the prior conviction entitled him to "one-for-one credits under PC 4019, as it's currently written." Denying the request, the trial court stated: "I did take a look at the Code section [§ 4019] again. If it satisfies you, I will confess . . . that it continues to be subject to interpretation . . . , but that's how I read the Code, sir."

*Former Section 4019*

Effective January 25, 2010, section 4019 was amended to provide that certain defendants may earn presentence credit at the rate of two days for every two days in custody, commonly referred to as "one-for-one credits." The Legislature said: "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody, except that a term of six days will be deemed to have been served for every four days spent in actual custody for persons described in paragraph (a) of subdivision (b) or (c)." Thereafter on September 28, 2010, the Legislature deleted "one-for-one credits." (See *People v. Brown, supra,* 54 Cal.4th at p. 318, fn. 3 [discussing legislative history].)

In *People v. Brown, supra,* 54 Cal.4th 314, our Supreme Court concluded that the January 25, 2010 version of section 4019 only applies to time in custody after its

---

[2] Appellant admitted violating probation in a second case (Case No. 2009002554) following a plea of guilty to felony child endangerment (§ 273a, subd. (a)) and possession of a controlled substance (Health & Saf. Code § 11377, subd. (a)). At a combined sentencing hearing, the trial court revoked probation and sentenced appellant to two years on the child endangerment count and a 16 month concurrent term on the controlled substance count, and ordered the sentence to be served concurrent with the three year sentence in case number 2009029278. Appellant appealed from the denial of one-for-one conduct credits in the second case (B224701) which was ordered consolidated with this appeal.

operative date. (*Id.*, at p. 322-323.) "To apply former section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earn credit at two different rates." (*Id.*, at p. 322.)

That is the case here. Appellant served 144 days actual custody in 2009 and 75 days actual custody in 2010 before he was sentenced to state prison. He is not entitled to enhanced one-for-one conduct credits for time in custody before January 25, 2010. (*Id.*, at p. 318; see Couzens & Bigelow, Awarding Custody Credits (Feb. 2013) pp. 8-9, available online at http://www.courts.ca.gov/partners/documents/Credits_Memo.pdf.)

The January 25, 2010 version of section 4019 provides that defendants with a prior serious or violent felony conviction are not eligible to receive enhanced one-for-one conduct credits. (Former § 4019, subds. (b)(2) & (c)(2).) In *People v. Lara*, *supra,* 54 Cal.4th 896, our Supreme Court held that a trial court does not have authority under section 1385 to disregard historical facts that disqualify a defendant from earning enhanced one-for-one conduct credits under former section 4019. (*Id.*, at p. 900.) Appellant has a disqualifying 1997 serious felony conviction. The trial court struck the prior serious felony conviction under section 1385 to avoid doubling appellant's prison sentence (§ 1170.12, subd. (c)(1)) and correctly found that appellant was not entitled to enhanced one-for-one conduct credits. (*Id.*, at p. 906.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Bruce Young, Judge

Superior Court County of Ventura

_____


California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

Edmund G. Brown Jr. and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka and Lance C. Winters, Senior Assistant Attorneys General, Jaime L. Fuster and Baine P. Kerr, Deputy Attorneys General, for Plaintiff and Respondent.