Filed 7/31/13  P. v. Garcia CA2/8
Opinion following remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B227137 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BA373574) |
| ROBERTO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Alex Ricciardulli, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Roberto Garcia appeals from the trial court's judgment finding that a prior conviction reduced the presentence custody credits to which he was entitled. We affirm.

## DISCUSSION

Appellant Roberto Garcia was arrested in the summer of 2010 and charged with four counts of selling or offering to sell methamphetamine. It was also alleged he had a prior conviction for a serious or violent felony. Appellant entered into a plea bargain admitting one count, and the trial court dismissed the three remaining counts. The court sentenced appellant to three years in state prison. In calculating appellant's presentence custody credits, defense counsel noted appellant had served 50 days in actual custody. Therefore, according to counsel, appellant was entitled to 50 days of good time/work time conduct credit under the version of Penal Code section 4019 (§ 4019) then in effect. That version awarded a prisoner two days of conduct credit for each two days served.[1]

The court disagreed. It ruled appellant was entitled to only "regular presentence credits" of two days conduct credit for every *four* days served because he had a prior serious felony conviction in 1989 for shooting at an inhabited dwelling. Appellant objected to the court's reliance on his prior conviction to reduce his conduct credits because appellant had not admitted, nor had the People proved, the prior conviction. The court overruled appellant's objection, finding the prior conviction rendered him ineligible for the extra custody credit despite the People's failure to prove the conviction.

Appellant appealed from the denial of the additional credit. In an unpublished opinion, we reversed the trial court in a 2-1 decision. (*People v. Garcia* (Aug. 16, 2011, B227137) [nonpub. opn.].) The decision noted that the question of whether a court may reduce presentence custody credits based on a prior conviction that the People did not plead and prove was pending before our Supreme Court. (*Id.* at p. 8) The majority in our decision held the People must plead and prove the prior conviction because reduction of

---

[1] At the time of appellant's sentencing in August 2010, then-section 4019, subdivision (f) stated "a term of four days will be deemed to have been served for every two days spent in actual custody."

2

presentence custody credits had the effect of increasing appellant's punishment by lengthening his time in prison. (*Id.* at pp. 3-4.)

The People filed a petition for review. (*People v Garcia,* review granted Sept. 23, 2011, S196711). The Supreme Court issued a grant-and-hold order pending its consideration of a related issue in *People v. Lara*. In July 2012, the Supreme Court issued its decision in *People v. Lara* (2012) 54 Cal.4th 896. *Lara* held that the People need not plead and prove a prior conviction for a court to rely on it to reduce a defendant's presentence custody credits. (*Id.* at pp. 903, 906.) "The People were not . . . required to plead defendant's credit disabilities [from a prior conviction] in the complaint or prove them to the trier of fact." (*Id.* at p. 906.)

In May 2013, our Supreme Court transferred appellant's case to us with directions to vacate our decision and to reconsider the cause in light of *Lara*. We have done so, and conclude our prior analysis cannot stand. As *Lara* explained, "We need not take issue with the proposition that a person who is released a day early is punished a day less. The very purpose of conduct credits is to foster constructive behavior in prison by reducing punishment. However, the conclusion that credit-limiting facts must formally be pled and proved does not follow." (*Lara, supra,* 54 Cal.4th at pp. 905-906.) Appellant's only contention on appeal was the court erred by relying on an unproven prior conviction to reduce his presentence conduct credits. *Lara* makes that contention untenable.

## DISPOSITION

The judgment is affirmed.



RUBIN, ACTING P. J.

WE CONCUR:



FLIER, J.                                                              GRIMES, J.

3