Filed 9/5/13  P. v. Peterson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C071608 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11-399) |
| v. | |
| JONATHAN WAYNE PETERSON, | |
| Defendant and Appellant. | |

Defendant Jonathan Wayne Peterson appeals from the sentence imposed following his plea of no contest to assault likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and admitted a prior strike allegation (§ 667, subds. (d) & (e)).  He contends the prospective application of section 4019, the conduct credit provisions of the Realignment Act, violates equal protection principles.  Following the California Supreme Court's decision in *People v. Lara* (2012) 54 Cal.4th 896, 906, footnote 9 (*Lara*), we reject this claim.

---

[1]      Undesignated section references are to the Penal Code.

1

RELEVANT FACTUAL AND PROCEDURAL HISTORY

Defendant pleaded no contest to assault likely to cause great bodily injury in case No. CRF11-399. The offense occurred on July 26, 2011. He was sentenced to an aggregate term of five years in state prison. This sentence included resolution of a separate case, case No. CRF11-158. Under the version of section 4019 then in effect, defendant was awarded 157 days of actual custody credits and 78 days of conduct credits in case No. CRF11-399 and 278 days of actual credit and 139 days of conduct credits in case No. CRF11-158.

DISCUSSION

Defendant argues that the prospective application of section 4019, the conduct credit provisions of the Realignment Act, violates equal protection principles. This argument was rejected by the California Supreme Court in *Lara*, *supra*.

In *Lara*, the Supreme Court explained its rejection of the defendant's equal protection argument as follows: "As we there [*People v. Brown* (2012) 54 Cal.4th 314, 328–330 (*Brown*) ] explained, ' "[t]he obvious purpose" ' of a law increasing conduct credits ' "is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison." [Citation.] "[T]his incentive purpose has no meaning if an inmate is unaware of it. The very concept demands prospective application." ' (*Brown*, at p. 329, quoting *In re Strick* (1983) 148 Cal.App.3d 906, 913.) Accordingly, prisoners who serve their pretrial detention before such a law's effective date, and those who serve their detention thereafter, are not similarly situated with respect to the law's purpose. (*Brown*, at pp. 328–329.)" (*Lara, supra*, 54 Cal.4th at p. 906, fn. 9.)

DISPOSITION

The judgment is affirmed.

         NICHOLSON     , J.

We concur:

       BLEASE      , Acting P. J.

       BUTZ      , J.