Filed 10/15/13  P. v. Martinez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038945 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1089256) |
| v. | |
| SALVADOR MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Salvador Martinez entered a negotiated guilty plea to assault with a deadly weapon and reckless driving while evading the police.  He also admitted allegations for purposes of sentence enhancement that he personally inflicted great bodily injury (GBI) on the assault victim and committed both offenses for the benefit of a criminal street gang.  Finally, he admitted an allegation that he had served a prior prison term, for purposes of sentence enhancement.  In sentencing him to 14 years and eight months pursuant to the plea bargain, the trial court imposed a three-year term for the assault conviction plus 10 years for the gang enhancement and an eight-month term for the evasion conviction plus one-year for the gang enhancement.  It then struck a three-year punishment for the GBI admission and a one-year punishment for the prison-term admission under Penal Code section 1385, subdivision (c)(1) (striking enhancement or enhancement punishment in furtherance of justice).[1]  It then awarded him presentence credits of 748 actual days and 112 conduct credits.  On appeal,

[1] Further unspecified statutory references are to the Penal Code.

defendant contends that the trial court erred by restricting his conduct credits. We disagree and affirm the judgment.

BACKGROUND

The trial court expressly stated that it was striking the punishment for the GBI enhancement to achieve the agreed-upon prison term. And it expressly calculated the conduct credits to be 15 percent of actual custody days in accordance with section 2933.1, which imposes that limit upon persons who are convicted of a violent felony. Section 667.5, subdivision (c)(8), defines a violent felony as "Any felony in which the defendant inflicts great bodily injury on any person... which has been charged and proved...."

DISCUSSION

Defendant contends that, rather than 15 percent conduct credits, the trial court should have awarded him two-for-four conduct credits under the September 2010 version of section 4019. He claims that section 2933.1 does not apply to him because he was not a person convicted of a violent felony. He so reasons because the trial court struck the punishment for the GBI admission. He acknowledges that the case of *In re Pacheco* (2007) 155 Cal.App.4th 1439, addressed and rejected this identical contention. He urges, however, that *Pacheco* was wrongly decided and should not be followed. He argues that *Pacheco* rested upon a perceived distinction between striking an enhancement-allegation admission in its entirety (rendering the person no longer convicted of a violent felony) and striking the punishment (leaving the conviction extant). (*Id.* at pp. 1444-1445 ["It is the conviction, and not the punishment, that is determinative."].) According to defendant, the distinction is premised upon the erroneous notion that "a reduction in credits is not considered 'punishment' under the law." (*Id.* at p. 1445.) Defendant poses that a reduction in credits is punishment and, thus, when the trial court struck the substantive punishment it also struck the credit-restricting punishment. Defendant's analysis is erroneous.

2

In *People v. Lara* (2012) 54 Cal.4th 896, 900, 902, 906 (*Lara*), the court held that a trial court does not have discretion under section 1385 to "strike" or disregard the historical facts that disqualify a local prisoner from earning one-for-one conduct credits under the January 2010 version of Penal Code section 4019. It reasoned as follows: "Section 1385 permits a court, 'in furtherance of justice, [to] order an action to be dismissed.' [Citation.] Although the statute literally authorizes a court to dismiss only an entire criminal action, we have held it also permits courts to dismiss, or 'strike,' factual allegations relevant to sentencing, such as those that expose the defendant to an increased sentence. [Citations.] However, the court's power under section 1385 is not unlimited; it reaches only the 'individual charges and allegations in a criminal action.' [Citation.] Thus, a court may not strike facts that need not be charged or alleged, such as the sentencing factors that guide the court's decisions whether to grant probation [citation] or to select the upper, middle or lower term for an offense [citation]." (*Lara*, *supra*, at pp.900-901.) And it held: "The historical facts that limit a defendant's ability to earn conduct credits do not form part of the charges and allegations in a criminal action. Certainly a court must afford a defendant due process--notice and a fair hearing--in determining the amount of conduct credit to which he or she is entitled. [Citation.] But the courts of this state have rejected the argument that the People must allege credit disabilities in the accusatory pleading or prove the disabling facts to the trier of fact. Concerning notice, the court in *People v. Fitzgerald* (1997) 59 Cal.App.4th 932 (*Fitzgerald*), held that an information charging the defendant with violent felonies gave him sufficient notice that, if convicted, section 2933.1 would restrict his presentence conduct credits to 15 percent of the maximum otherwise permitted." (*Id.* at p. 901.)

Here, the historical fact that limits defendant's presentence conduct credits is his GBI admission that rendered his conviction a violent felony. The People pleaded the GBI allegation for the different purpose of triggering an additional three-year punishment. Nevertheless, as the Supreme Court explained in *Lara*, this pleading was

3

sufficient to inform defendant that his presentence conduct credits might be limited. (*Lara*, *supra*, 54 Cal.4th at p. 906.)  The trial court struck the GBI punishment under section 1385 in order to effectuate the plea bargain.  However, "'when a court has struck a prior conviction allegation it has not "wipe[d] out" that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the defendant's personal history' and available for other sentencing purposes." (*Lara*, *supra*, at pp.906-907.)

In short, the trial court properly found that defendant had been convicted of a violent felony and was subject to the presentence credit-restricting formula of section2933.1.

ABSTRACT OF JUDGMENT

The parties agree that the abstract of judgment does not reflect imposition of the one-year gang enhancement attached to the evasion conviction and erroneously reflects imposition of the one-year prison-term enhancement.

## DISPOSITION

The judgment is affirmed. The abstract of judgment is amended to include a one-year enhancement (Pen. Code, § 186.22, subd. (b)(1)(C)) as to count 3 and delete the one-year enhancement (Pen. Code, § 667.5, subd. (b)) as to count 3.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.