Filed 10/17/13  P. v. Lopez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL LOPEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B241615<br>(Super. Ct. No. GA084426)<br>(Los Angeles County) |

Miguel Lopez appeals the judgment entered after a jury convicted him of second degree commercial burglary (Pen. Code,[1] §§ 459/461, subd. (b)).  In a bifurcated proceeding, the trial court found true allegations that appellant had suffered two prior serious or violent felony convictions that qualified as strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had served seven prior prison terms (§ 667.5, subd. (b)).  Appellant was sentenced to seven years in state prison and was awarded 284 days of presentence custody credit.  He contends the evidence is insufficient to support his conviction and that he is entitled to additional presentence custody credit.  We shall order the judgment modified to reflect an additional 100 days of presentence custody credit.  Otherwise, we affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

STATEMENT OF FACTS

On the morning of October 2, 2011, Maria Gallardo and Shena Villa were working at a CVS store in Glendale when the store alarm sounded. Gallardo and Villa looked toward the front of the store and saw a man run out the door holding a basket filled with store merchandise. Villa, who was working at the register closest to the exit, ran out the door. Villa was unable to see where the man had gone and returned to the store.

Thirty minutes later, Villa was working at a cash register when appellant, who was wearing a green baseball cap and a black leg brace, grabbed her arm and asked if someone had stolen something. Villa called Gallardo and told her what had happened. Gallardo stepped just outside the front entrance and asked appellant if she could help him.[2] The man who had run out of the store with the basket of merchandise was standing a few feet behind appellant. Gallardo said she had no idea if anything had been stolen and went back inside the store.

Gallardo reviewed the store's surveillance video from earlier that morning, a recording of which was played for the jury. The video depicts the following: Appellant entered the store, picked up a basket, and proceeded to walk toward aisle 5. Appellant returned to the front of the store from aisle 1 without the basket. He stood at the door for a couple of seconds, then reentered the store with the man Gallardo had seen with appellant earlier that day. About 15 seconds later, appellant stood in the path of the automated doors while the other man walked to aisle 1, returned with a basket full of merchandise, and ran out of the store. Villa ran out the front door after the man. Villa reentered the store shortly thereafter, and appellant followed right behind her. Appellant stood near the second register, looked around for about 30 seconds, and left the store.

---

[2] Gallardo recognized appellant from a prior incident. About two months earlier, appellant entered the store and filled a basket with deodorants. Gallardo subsequently approached appellant and told him she would hold the basket at the front register for him. Appellant followed Gallardo as she carried the basket and asked if she would give him a discount. Gallardo said she knew what appellant was doing and asked him to leave the store. Appellant mumbled something and left without purchasing anything.

Gallardo called the police. When the police arrived, Gallardo showed them the video and reported her observations. She also gave a physical description of appellant and his clothing, yet was unable to give a clear description of the other man. Gallardo identified appellant during an in-field showup later that day. Gallardo and Villa also identified appellant in court as the man who had asked them if anything had been stolen.

After he was arrested, appellant acknowledged that he had gone to the CVS store that day and had placed merchandise in his basket. He claimed, however, that he had simply put the basket down near one of the aisles and left after noticing that the cashier lines were too long.

## DISCUSSION

### Sufficiency of the Evidence

Appellant contends the evidence is insufficient to support his burglary conviction. He claims there is no evidence from which the jury could have inferred he intended to aid and abet the theft that served as the predicate offense for his conviction.

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Streeter* (2012) 54 Cal.4th 205, 241.) Our review is the same in prosecutions primarily resting upon circumstantial evidence. (*Ibid.*) "'An appellate court must accept logical inferences that the jury might have drawn from the evidence even if the court would have concluded otherwise.'" (*Ibid.*) Our review does not redetermine the weight of the evidence or the credibility of witnesses. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

As relevant here, the crime of burglary is committed when someone unlawfully enters a store with the intent to commit a theft or any other felony. (§ 459.) A defendant can also commit burglary as an aider and abettor, which requires proof that entry was made with the intent to encourage, facilitate, or assist someone else to carry out

3

the crime.  (§ 31; *People v. Montoya* (1994) 7 Cal.4th 1027, 1038–1040.)  To be found guilty on this theory, the defendant must commit an act that "in fact assists the achievement of the crime."  (*People v. Perez* (2005) 35 Cal.4th 1219, 1225.)  Inferences based on factors such as ". . . presence at the scene of the crime, companionship, and conduct before and after the offense'" may be reasonable if they support that the accused in fact "". . . aided the perpetrator by acts *or* encouraged him by words or gestures."" (*People v. Campbell* (1994) 25 Cal.App.4th 402, 409, 411.)

Sufficient evidence supports the finding that appellant entered the CVS store with the intent to aid and abet the commission of a theft.  Appellant's arguments to the contrary essentially ignore the applicable standard of review.  Although the video recording is of poor quality, it depicts appellant entering the store, picking up a basket, and later exiting the store from aisle 1 without a basket.  By appellant's own admission, he left a basket full of items on the floor.  Shortly after appellant left, he is seen reentering the store with another man.  Moments after the two men walked toward aisle 5, appellant returned to the entrance and held the automatic door open while the other man walked over to aisle 1, returned with a basket full of items, and ran out of the store.  Shortly thereafter, appellant reentered the store directly behind Villa, to make it appear as if he had already been there when the incident took place.  In a further attempt to appear uninvolved in the crime, appellant later returned to the store and asked if a burglary had occurred.  When Gallardo spoke to appellant about this, the other man involved in the burglary was standing nearby.  Moreover, Gallardo recognized appellant from a prior incident in which he attempted to steal items from the store.

Although appellant notes the evidence does not definitively establish that appellant's basket was the one taken during the burglary, no such showing is necessary to sustain his conviction.  Appellant's interpretation of the evidence as supporting a conclusion that the other man picked up his own basket and filled it with items is similarly unavailing.  The issue is whether the evidence, viewed in the light most favorable to the judgment, supports a finding that appellant aided and abetted the

burglary that undeniably took place. It plainly does, and appellant's claim of insufficient evidence accordingly fails.

*Presentence Custody Credits*

Appellant asserts that he is entitled to an additional 100 days of presentence custody credit. The People correctly concede the point.

The October 1, 2011, amendment to section 4019 provides that prisoners who are confined to a county jail for a crime committed on or after that date are entitled to "one-for-one" credit, i.e., one day of work/conduct credit for every day spent in actual custody. (*Id*. at subd. (h).) Appellant's crime was committed on October 2, 2011, so he is entitled to one-for-one credits. (*People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9.) Appellant was arrested on the date of his crime and was in continuous custody until he was sentenced 192 days later on April 10, 2012. He is thus entitled to 192 days of actual custody credit and 192 days work/conduct credit. Because appellant was only awarded 190 days actual custody credit and 94 days work/conduct credit, we shall order the judgment modified to correct this error.

DISPOSITION

The judgment is modified to reflect an award of 384 days of presentence custody credit, consisting of 192 days actual custody credit and 192 days good conduct credit. The superior court clerk shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

5

Michael D. Carter, Judge

Superior Court County of Los Angeles

_____

Carey D. Gorden, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.