Filed 12/15/15  P. v. Wimer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHAWN MICHELLE WIMER,<br><br>    Defendant and Appellant. | 2d Crim. No. B261446<br>(Super. Ct. No. 2014014700)<br>(Ventura County) |

Shawn Michelle Wimer appeals an order reducing her presentencing conduct credits.  She pled guilty to first degree residential burglary, a felony.  (Pen. Code, § 459.)[1] The trial court sentenced her to a state prison term of two years and gave her a credit of 226 days for time served.  It awarded her 30 days of total conduct credits based on a finding that she did not follow rules and regulations of the jail.  (§ 4019, subd. (b) & (c).)  We conclude, among other things, that:  1) the trial court erred by reducing Wimer's work time credits, 2) the court had jurisdiction to reduce Wimer's good behavior credits, 3) the court afforded Wimer an evidentiary hearing with due process protections, but 4) the case must be remanded for a new hearing because of conflicting and incomplete findings.  We reverse and remand.

---

[1] All statutory references are to the Penal Code.

FACTS

At a December 12, 2014, hearing, the trial court advised Wimer that it intended to deny her good time/work time credits because she had violated the rules and regulations of the jail. Wimer's counsel requested an evidentiary hearing to contest that claim. Counsel indicated that she was going to subpoena "the person who wrote [Wimer] up" and Wimer could "respond as to what happened." The court granted counsel's request for an evidentiary hearing, and set a December 23, 2014, hearing date.

At the December 23 hearing, Wimer's counsel told the trial court that she would not present any evidence and would submit on the probation report. She argued that the court lacked jurisdiction to decide conduct credits. She said, "It's incumbent upon the prison administrators to determine whether or not to award conduct credits. . . . This Court doesn't have the authority to do that."

The trial court said, "I believe [section] 4019 tells me I do have the authority to do it because I do have the authority to determine credits." The court noted that the probation report indicated that, while in jail, Wimer "received four major write-ups, one for mutual combat, one for refusal to house, one for deception and one for contraband." It said, "I think she's entitled to earn credit for time served of 226 days of actual time and 30 days of good time/work time for a total credit of 256 days."

DISCUSSION

*Work Time Credits*

Wimer contends the trial court erred by awarding her less than her full entitlement to 56 days of work time credits. The People agree. So do we.

A trial court's ruling on custody credits "is reviewable for abuse of discretion." (*People v. Lara* (2012) 54 Cal.4th 896, 903.) "But no authority suggests the court's discretion in the matter is so broad as to permit it to withhold conduct credits from a prisoner who has satisfied the statutory prerequisites and is entitled to receive them . . . ." (*Ibid.*)

Section 4019, subdivision (b) provides, in relevant part, "for each four-day period in which a prisoner is confined . . . , one day shall be deducted from his or her period

2

of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp."

Here the trial court found Wimer earned "credit for time served of 226 days of actual time." The court awarded her "30 days of good time/work time" credits.

As the parties note, under the statutory formula, Wimer would be entitled to 56 days of work time credits for 226 days of time served. The trial court reduced her work time credits on the grounds that she had engaged in misconduct while in jail as shown by the "write-ups" mentioned in the probation report. But there was no finding, and no evidence, that she "refused to satisfactorily perform labor" assigned to her. A defendant is entitled to work time credits unless "the prisoner has refused to satisfactorily perform labor as assigned." (*People v. Lara*, *supra*, 54 Cal.4th at p. 903.) The trial court erred in reducing Wimer's work time credits.

*The Trial Court's Jurisdiction to Reduce Good Behavior Credits*

Wimer contends the trial court lacked jurisdiction to reduce her good behavior credits. We disagree.

"The presentence credit scheme, section 4019, focuses primarily on encouraging . . . good behavior by persons temporarily detained in local custody . . . ." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 36.) Section 4019, subdivision (c) provides, in relevant part, "For each four-day period in which a prisoner is confined . . . , one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff . . . ."

Here the trial court found Wimer "is not entitled to any conduct credits or if entitled to any conduct credits, an amount much reduced." Citing the probation report, the court noted that "[s]he received four major write-ups, one for mutual combat, one for refusal to house, one for deception and one for contraband."

Wimer contends that "the authority to forfeit 'good time' credits for a jail is vested in the Sheriff, not the court."

3

A similar argument was raised in *People v. Duesler* (1988) 203 Cal.App.3d 273. There the defendant claimed "any decision to deduct 'good time' credits should be made only by the sheriff or Department of Corrections, since conduct credits are intended to be a disciplinary tool to motivate good prisoner behavior." (*Id.*, at p. 276.) The Court of Appeal said, "We disagree. Conduct credits for presentence custody are credited to the defendant's term of imprisonment 'in the discretion of the court imposing the sentence.'" (*Ibid.*)

In *Duesler*, the court noted, however, that "[a]though the sheriff is authorized to deduct conduct credits for inmates jailed under a misdemeanor sentence or as a condition of probation, his role with respect to presentence custody credit is to provide the sentencing court with information, records and recommendations." (*People v. Duesler*, *supra*, 203 Cal.App.3d at p. 276.) Here Wimer was sentenced on a felony, not a misdemeanor.

### Due Process

Wimer contends the trial court's procedure contravened her right to a due process evidentiary hearing. We disagree.

"[B]efore a sentencing court may withhold conduct credits, the defendant is entitled to prior notice and an opportunity to (1) rebut the findings of his jail violations, and (2) present any mitigating factors." (*People v. Duesler*, *supra*, 203 Cal.App.3d at p. 277.)

At a sentencing hearing on December 12, 2014, the trial court told Wimer, "I don't think she's entitled to good time/work time credits based upon her performance and her behavior while at the Ventura County jail." Wimer's counsel asked "for *an evidentiary hearing* in which [she] can subpoena the person who wrote her up and give her an opportunity to respond as to what happened." (Italics added.) The court granted this request and continued the hearing to December 23, 2014.

At the December 23 hearing, Wimer's counsel did not present evidence. Instead, she argued the legal issue.

### Hearing on Remand

The People contend the case must be remanded for another hearing and argue: "[T]he court awarded 30 days of 'goodtime/worktime' and did not distinguish between the

4

two types of credit. . . . Since the court had discretion to deny all goodtime credit but the evidence was insufficient to deny any worktime credit, a remand for resentencing to allow the trial court to clarify and revisit its order is appropriate." We agree.

The trial court's findings are unclear. It first indicated that it could deny all credits, but it also said a reduction of some credits was appropriate. The court's findings are not sufficient to indicate which category of credits the court intended to reduce.

Wimer notes there is no indication in this record that the probation department or sheriff recommended that her good behavior credits be reduced. In *Duesler*, the court said, "The record, in fact, contains no recommendation by the probation officer or sheriff as to Duesler's custody credits, as contemplated by California Rules of Court . . . ." (*People v. Duesler*, *supra*, 203 Cal.App.3d at p. 276.) Such recommendations will assist the court in determining whether credits should be reduced and Wimer may present evidence in response to those recommendations at the hearing on remand.

DISPOSITION

The order reducing Wimer's work time credits is reversed. The order on good behavior credits is vacated and that matter is remanded to the trial court with directions to hold a new hearing on remand and proceed in a manner consistent with this opinion.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

5

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, for Plaintiff and Respondent.