Filed 10/22/13  P. v. Serratos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071014 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F07796) |
| v. | |
| FERNANDO SERRATOS, | |
| Defendant and Appellant. | |

An October 2009 traffic stop of defendant Fernando Serratos yielded, among other things, 55.7 grams of methamphetamine and a loaded stolen pistol.

Defendant pleaded no contest to possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)) and carrying a concealed firearm (Pen. Code, former § 12025, subd. (b)(6) [now § 25400]).[1]  He admitted a prior serious or violent felony conviction.  (§§ 667, subds. (b)-(i), 1170.12.)

---

[1]    Undesignated statutory references are to the Penal Code.

1

In exchange, five related counts and enhancing allegations were dismissed. Defendant was sentenced to prison for five years four months and was awarded 927 days of custody credit and 462 days of conduct credit.

On appeal, defendant contends principles of equal protection entitle him to additional conduct credit for the period from October 1, 2011, until his sentencing on April 27, 2012. We affirm.

FACTS

The facts of defendant's offenses are not at issue and need not be set forth in this opinion.

DISCUSSION

Defendant contends he is entitled to additional presentence conduct credit under recently amended section 4019, which became operative on October 1, 2011. He acknowledges that the express terms of current section 4019, enacted as part of realignment legislation, indicate that it applies only to defendants whose crimes were "committed on or after October 1, 2011," and his crime occurred prior to that date. (§ 4019, subd. (h); see Stats. 2011, ch. 15, § 482; Stats. 2011, ch. 39, § 53; Stats. 2011-2012, 1st Ex. Sess., ch. 12, §§ 16, 35.)[2]

Noting that "a substantial portion" of his presentence custody occurred after October 1, 2011, defendant argues that "limit[ing] his presentence custody credits based solely on the date of the offense violates his right to equal protection under the law." We disagree.

---

[2]     Section 4019, subdivision (h), provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp *for a crime committed on or after October 1, 2011.* Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (Italics added.)

2

In October 2009, when it enacted the former version of section 4019 (Sen. Bill No. 18) that was at issue in *People v. Brown* (2012) 54 Cal.4th 314 (*Brown), "*the Legislature did not expressly declare whether former section 4019 was to operate prospectively or retroactively." (*Brown, supra*, 54 Cal.4th at p. 320; see Stats. 2009-2010, 3d Ex. Sess., ch. 28, § 50.)  Particularly relevant for present purposes, the Legislature never purported to bar the Senate Bill No. 18 version of section 4019 from applying to *crimes that occurred prior to* its operative date.  Thus, persons who committed crimes prior to the operative date of Senate Bill No. 18 but served presentence custody both prior to, and following, that effective date earned "bifurcated" credit at two different rates.  In concluding the statute applied prospectively only, the *Brown* court noted:  "To apply former section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates." (*Brown, supra*, 54 Cal.4th at p. 322.)

In contrast, when it enacted the present version of section 4019, the Legislature expressly barred the statute from applying to crimes committed prior to its operative date, October 1, 2011.  (See fn. 2, *ante*.)  Because the present credit scheme, by its terms, does not give enhanced credit for crimes committed prior to October 1, 2011, the scheme does not allow prisoners whose custody overlapped the statute's operative date to earn credit at two different rates.

After determining that principles of statutory construction and legislative intent required the Senate Bill No. 18 version of section 4019 to be applied prospectively only, the court in *Brown* concluded such application did not violate principles of equal protection.  (*Brown, supra*, 54 Cal.4th at pp. 322, 328-330.)  In *People v. Lara* (2012) 54 Cal.4th 896 the court more recently concluded the Legislature did not violate equal protection by making its 2011 amendment of section 4019 expressly prospective. (*People v. Lara, supra*, at p. 906, fn. 9; § 4019, subd. (h).)

Defendant claims equal protection *is* violated where, as here, prisoners in presentence custody *after October 1, 2011*, earn conduct credit at different rates depending on *whether their offense occurred* prior to that date. We disagree.

" 'The obvious purpose of the new section [4019]' the court reasoned 'is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison.' [Citation.] '[T]his incentive purpose has no meaning if an inmate is unaware of it.' [Citation.]" (*Brown, supra,* 54 Cal.4th at p. 329, quoting *In re Strick* (1983) 148 Cal.App.3d 906, 913.)

As we have seen, the present version of section 4019 does not, by its terms, give enhanced credit for crimes committed prior to October 1, 2011. Nor did decisional authority extend the statute's reach beyond its textual bounds before defendant was sentenced on April 27, 2012. Thus, having committed his crime prior to October 1, 2011, defendant could not have *been aware, or even reasonably suspected, based on anything more than speculation, he would be entitled* to enhanced credit during *any* portion of his presentence incarceration, even the part occurring after October 1, 2011. The enhanced credit could not have encouraged defendant, who was unaware of any such incentive, to engage in productive work or maintain good conduct. (*Brown, supra*, 54 Cal.4th at p. 329.) This is so even though the enhanced credit *gave* such an incentive to *other* simultaneously incarcerated inmates, "perhaps in adjoining cells," who committed their offenses, perhaps "the same offense," *after* October 1, 2011.

The fact the prior version of section 4019 *gave* defendant *some* incentive to engage in productive work and maintain good conduct while in prison, albeit at a lesser rate, does not require a different result. The question is *whether the amendment to which defendant claims entitlement could have affected his behavior*. The answer is no. To the extent *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 53, on which defendant relies, suggests otherwise, we respectfully decline to follow it. (See *People v. Kennedy* (2012) 209 Cal.App.4th 385, 396-397.)

4

Following *Brown*, we conclude the "important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who . . . could not have modified their behavior in response." (*Brown, supra*, 54 Cal.4th at pp. 328-329.) "That prisoners who [commit crimes] before and after [present] section 4019 took effect are not similarly situated necessarily follows." (*Id.* at p. 329; see *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1551-1552.) Because the groups are not similarly situated, it is not necessary to consider defendant's arguments that the proper standard of review is strict scrutiny; and that there is no compelling state interest, or rational basis, for the disparity in treatment. Defendant's equal protection claim has no merit.

DISPOSITION

The judgment is affirmed.


                                                  NICHOLSON     , Acting P. J.


We concur:


       HULL      , J.


       BUTZ      , J.