Filed 4/20/16  P. v. Johnson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY JOHNSON,<br><br>    Defendant and Appellant. | D068400<br><br><br><br>(Super. Ct. No. SCD246084) |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So, Eugenia A. Eyherabide and David M. Szumowski, Judges.  Affirmed in part; reversed in part and remanded with directions.

Sheila L. O'Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Samantha L. Begovich, Deputy Attorney General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Anthony Johnson appeals from an order revoking probation and reinstating probation. Johnson contends that the trial court erred in concluding that he was entitled to zero days of Penal Code[1] section 4019 conduct credits.[2] Johnson argues that the court erroneously concluded that he waived the section 4019 conduct credits by virtue of a prior plea agreement. The People concede that "[t]he waiver in this case was not to future [section 4019] credits potentially earned, but rather for those already earned by the date of the guilty plea . . . ." We agree. We reverse the award of zero days of section 4019 conduct credits in the order revoking and reinstating probation and remand the matter for the limited purpose of determining Johnson's eligibility for conduct credits under section 4019 for the time period after the date of the guilty plea.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Proceedings in the trial court*

1.  *The information*

In February 2013, the People charged Johnson with two counts of robbery (§ 211). With respect to each count, the People alleged a firearm allegation pursuant to section

---

1  Unless otherwise specified all subsequent statutory references are to the Penal Code.

2  Section 4019 provides credits against a defendant's period of confinement for good conduct. (See generally *People v. Brown* (2012) 54 Cal.4th 314.)

12022, subdivision (a)(1). The People also alleged that Johnson had suffered three prison priors (§§ 667.5, subd. (b), 668).

2. *The change of plea*

On June 21, 2013, the People and Johnson entered into a plea agreement. The written plea agreement form states that Johnson agreed to plead guilty to one count of robbery (count 1). The plea agreement form also states, "I have not been induced to enter this plea by any promise or representation of any kind, except: (*State any agreement with the District Attorney*.)." After this statement, the following is handwritten on the form: "Balance dismissed, stip 365: waive 4019 credits — NOLT with three years stayed. Prosecution has no objection to interstate compact transfer to Nevada."

The trial court (Judge So) held a change of plea hearing that same day. During the plea hearing, the following colloquy occurred:

> "[The court]: The plea bargain in this case is as follows: You are pleading guilty to robbery. It's a stipulated 365 days in the custody of the sheriff, waiving 4019 credits, three years stayed. The People have no objection to the interstate compact transfer to Nevada.
>
> "Is that your understanding of the plea bargain any [*sic*] representations that have been made to you?
>
> "[Johnson]: Yes, sir."

Judge So proceeded to accept Johnson's guilty plea and set the matter for a July 22 sentencing.

3. *The probation report and sentencing*

On July 22, the probation officer filed a probation report with the court. The probation report states, "The plea agreement indicated the defendant waived his [section]

3

4019 credits. Therefore, the defendant receives 169 actual days, 0 [section] 4019 credits, a total of 169 days."

That same day, the court (Judge Eyherabide) held a sentencing hearing. At the outset of the hearing, defense counsel stated that Johnson was requesting a work furlough. Counsel told the court that he had explained to Johnson that a work furlough "was not explicitly discussed at the time that we entered into the plea." Defense counsel also requested that certain gang conditions be eliminated from the proposed order granting probation.

The prosecutor responded, "I don't believe that work furlough was ever contemplated.[3] And, based on his record and this particular crime, I would ask that — since I believe the 4019s are being waived and that it would just be straight custody . . . [that] the gang conditions remain."

Judge Eyherabide noted that she was not the trial judge who had accepted the guilty plea and that there were "no notes" of the plea hearing. Judge Eyherabide denied Johnson's request to be assigned to work furlough. In the course of denying the request, Judge Eyherabide stated, "[T]he fact that [the work furlough assignment] is not there makes me believe the agreement was 365 local custody." The judge also stated:

> "You get half time at work furlough. You waived that. That is not an issue. If someone is sentenced to work furlough, it is half time too. They get half time. I'm just saying, Mr. Johnson, I'm pretty sure that the People contemplated 365 days in local custody. If I'm wrong on that, [defense counsel], my suggestion would be to talk to

---

3    The People were represented by different prosecutors at the change of plea hearing and at sentencing.

[the prosecutor who represented the People at the change of plea hearing]. And if each of you agree that work furlough was contemplated and he is eligible, I don't have a problem amending it ex parte on a minute order."

After making these comments, the court imposed a three-year sentence on count one, with execution of the sentence suspended for three years. The court also placed Johnson on formal probation, subject to various conditions including the following:

"That you serve 365 days in the custody of the sheriff with credit for 169 actual. Mr. Johnson waived his [section 4019] credits, hence, zero 4019s, for a total of 169 days' credit."

4.      *Probation revocation and reinstatement*

In March 2015, the probation officer filed a supplemental report recommending that Johnson's probation be revoked and that a warrant issue for his arrest. The report stated that Johnson had violated various terms of probation including failing to complete a substance abuse evaluation, failing to report a change of address, testing positive for marijuana, and failing to pay various probation costs.[4]

The report indicated that Johnson had been in custody from February 4, 2013 through September 9, 2013, and that he was thus entitled to 218 days of actual custody credits. The report also stated, "Per the offender's Pre Plea agreement dated 06/21/13, he waived his [section] 4019 credits."

---

[4]      It appears that the court issued the requested warrant. The record indicates that Johnson was in a Nevada county jail from April 19, 2015 through June 12, 2015.

5

On June 22, 2015, the trial court (Judge Szumowski) held a probation revocation hearing. At the hearing, Judge Szumowski revoked Johnson's probation. During the hearing, the following colloquy occurred:

"The court: What are his local credits?

"Probation Officer . . . : His local credits are — just a moment. They're 225. He previously waived 4019s."

Judge Szumowski reinstated Johnson on probation, on the condition that Johnson serve 365 days in local custody, with 225 days of actual custody credits, and zero section 4019 credits.[5] The minute order for the hearing states, "Defendant waives past/present/future [section] 4019 credits while on probation."

On July 2, the court entered a minute order, nunc pro tunc to June 22, that states that Johnson was entitled to 283 days of custody credit. The order explained, "The court has read [and] considered defendant's correspondence dated [June 23, 2015] regarding custody credits.[6] Custody credits recalculated to also include time served in Clark County Jail from [April 19, 2015 through June 12, 2015]." The order also stated again, "Defendant waives past/present/future [section] 4019 credits while on probation."

B.      *Proceedings on appeal*

Johnson filed an appeal from the June 22 order.

---

5       The court's actual order was: "Reinstate you on probation. 365. 225 and 0, 225."
6       The correspondence is not in the record on appeal.

Counsel filed a *Wende*[7] brief and listed the following as an issue appearing in the record: "Did the court properly find that Mr. Johnson waived his section 4019 custody credits for the entirety of the probationary period?" (Formatting omitted.)

After reviewing the record, this court issued an order directing the parties to file briefs addressing the following two issues:

> "By virtue of the plea agreement, did appellant knowingly and intelligently agree to waive *only* those . . . section 4019 . . . credits that he had earned as of the date of the plea?"

> "Assuming that appellant knowingly and intelligently agreed to waive section 4019 credits that he might earn *after* the date of the plea, did appellant's waiver extend to all periods of time during which appellant was in custody in this case?"

Johnson filed a letter brief in which he contended that he had not waived any section 4019 credits earned after the date of his guilty plea, June 21, 2013. The People filed a letter brief conceding that Johnson had waived only those section 4019 credits earned as of the date of the plea.[8] The People also conceded that a limited remand was appropriate to permit the trial court to properly determine Johnson's section 4019 credits.

---

[7] (*People v. Wende* (1979) 25 Cal.3d 436.)

[8] In their supplemental brief, the People state, "The waiver in this case was not to future credits potentially earned, but rather for those already earned by the date of the guilty plea, *July 22, 2013*." (Italics added.) The People's letter brief incorrectly states that the trial court accepted Johnson's guilty plea on *July 22*, 2013 (the date of sentencing) rather than the actual date on which the trial court accepted Johnson's guilty plea, *June 21*, 2013. As a result, the People's brief is unclear as to whether the People concede that Johnson was entitled to section 4019 credits for the approximately one-month period between the time of entry of his guilty plea and sentencing. In any event, for the reasons stated in part III., *post*, we conclude that Johnson waived only those section 4019 credits earned by the date of the guilty plea, June 21, 2013.

7

## III.

## DISCUSSION

### *Johnson waived only those section 4019 conduct credits earned as of the date of his guilty plea*

Johnson contends that the trial court awarded him zero days of section 4019 conduct credits based on the erroneous conclusion that he waived all such credits, even those earned after the date of his guilty plea.

A.   *Governing law*

1.   *Section 4019*

Section 4019 provides in relevant part:

"(a) The provisions of this section shall apply in all of the following cases:

"[¶] . . . [¶]

"(2) When a prisoner is confined in or committed to the county jail . . . as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence, in a criminal action or proceeding.

"[¶] . . . [¶]

"(4) When a prisoner is confined in a county jail . . . following arrest and prior to the imposition of sentence for a felony conviction.

"[¶] . . . [¶]

"(b) . . . [F]or each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

8

"(c) For each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp."

2.      *Waiver of section 4019 credits*

"A prisoner may waive presentence credits, including conduct credits, as part of a negotiated disposition." (*People v. Lara* (2012) 54 Cal.4th 896, 903, fn. 3.) In *People v. Black* (2009) 176 Cal.App.4th 145, 154 (*Black*), the Court of Appeal outlined the following law governing a defendant's waiver of section 4019 credits:

> " 'As with the waiver of any significant right by a criminal defendant, a defendant's waiver of entitlement to section [4019] credits must, of course, be knowing and intelligent.' [Citation.] 'The gravamen of whether such a waiver is knowing and intelligent is whether the defendant understood he was relinquishing or giving up custody credits to which he was otherwise entitled under section [4019].' " (*Black*, *supra*, at p. 154.)

In other words, a defendant's waiver of section 4019 credits "must be clear, voluntary, and informed." (*People v. Eastman* (1993) 13 Cal.App.4th 668, 678 (*Eastman*).)

In *Black*, a defendant who was in custody after having her probation revoked (*Black*, *supra*, 176 Cal.App.4th at p. 149), executed an application and agreement (Agreement) to participate in a drug court program. (*Id.* at p. 152.) The Agreement contained a provision that stated that the defendant agreed to " 'waive all [section] 4019 credits as a condition of participating' " in the program. (*Ibid.*) The defendant was released from custody to a drug rehabilitation facility on that same day, September 24, 2007. (*Id.* at p. 149.)

9

The *Black* court rejected the defendant's argument that the waiver was invalid because her attorney had not discussed the implication of this provision and the court had not admonished her on the record with respect to the waiver. (*Black*, *supra*, 176 Cal.App.4th at p. 149.) However, the *Black* court concluded that the waiver applied only to credits accrued *prior* to September 24, 2007, the date the defendant executed the Agreement containing the waiver of section 4019 credits:

> "The People's position is that the waiver applies to all section 4019 credits accrued prior to September 24, 2007, the date defendant signed the Agreement. The People concede defendant should have been awarded section 4019 credits for any time spent in custody after September 24, 2007, and a limited remand for a proper calculation of credits is therefore appropriate. On the record before us, we cannot detect a basis for disagreeing with the People's position." (*Black*, *supra*, at p. 155.)

B.      *Application*

In this case, the written plea agreement indicates that Johnson was agreeing to "waive 4019 credits," and during the plea colloquy, Johnson agreed with the trial court that he was "waiving 4019 credits." This language is sufficient to demonstrate Johnson's knowing and intelligent waiver of any section 4019 credits that he had earned as of the date of his guilty plea. (See *Black*, *supra*, 176 Cal.App.4th at p. 152.) However, there is nothing in the written plea agreement or the plea hearing that would suggest that Johnson agreed to waive any and/or all section 4019 conduct credits that he might earn in the *future*.

We acknowledge that there is evidence in the record that *suggests* that the parties *may* have contemplated that Johnson was agreeing to waive any 4019 credits that he

10

might earn up until the date of sentencing. The July 22 probation report indicates that Johnson was to earn zero section 4019 credits, and neither Johnson nor his attorney objected at sentencing when the court awarded zero section 4019 credits.[9]  In addition, certain remarks made during the sentencing hearing suggest that the parties may have viewed Johnson as having waived any section 4019 credits that he might have earned until the date of sentencing.  For example, the prosecutor stated, "I *believe* the 4019s are being waived and that it would just be straight custody."  (Italics added.)  In addition, Judge Eyherabide stated that the absence of evidence that the parties had agreed to a work furlough program made her "*believe* the agreement was 365 local custody."  (Italics added.)  However, neither the prosecutor nor the trial judge who presided at the sentencing hearing were present at the plea hearing.  In addition, as noted in the previous paragraph, there is nothing in either the plea agreement or the plea colloquy that indicates that Johnson waived section 4019 credits that he might earn after the date of the guilty plea.

Accordingly, we conclude that the record does not demonstrate that Johnson effectuated a "clear, voluntary, and informed" waiver of the right to earn section 4019 credits after the date of his guilty plea.  (*Eastman*, *supra*, 13 Cal.App.4th at p. 678; see also *Black*, *supra*, 176 Cal.App.4th at p. 152 [concluding defendant's waiver of section 4019 credits did not extend to potential future credits earned after the date of the

---

9    Defense counsel's failure to object does not preclude this court from correcting any error as to the proper award of conduct credits on appeal.  An error as to the proper amount of conduct credits constitutes an authorized sentence that may be corrected at any time.  (See, e.g., *People v. Johnson* (2015) 234 Cal.App.4th 1432, 1457, fn. 12.)

11

waiver].)  Under these circumstances, a limited remand to the trial court for a redetermination of section 4019 conduct credits is appropriate.  (See *Black*, *supra*, at p. 155.)

## IV.

## DISPOSITION

The portion of the June 22, 2015 order awarding zero days of section 4019 conduct credits is reversed.  The matter is remanded to the trial court for the limited purpose of determining Johnson's eligibility for conduct credits under section 4019 for the time period after the date of the guilty plea, June 21, 2013.  In all other respects, the June 22, 2015 order is affirmed.

AARON, J.

WE CONCUR:

HALLER, Acting P. J.

IRION, J.

12