Filed 6/22/16

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D068309 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD243042) |
| MARCIA LAREAH TATE, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge. Affirmed in part; reversed in part and remanded with directions.

Erica L. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Marcia Tate appeals from an order revoking probation and imposing a seven-year prison term. Tate contends that the trial court erred in awarding her zero days of Penal Code[1] section 4019 conduct credits.[2] Tate argues that the court erroneously concluded that she had waived all section 4019 conduct credits, including future credits, by virtue of a December 11, 2014 agreement in which Tate admitted violating parole and agreed to waive her section 4019 credits in exchange for reinstatement of probation.

The People argue that Tate's waiver included a waiver of future section 4019 credits that she might otherwise have earned, whereas Tate contends that she waived only the section 4019 credits that she had already earned at the time of the waiver. We conclude that the record in this case demonstrates only that Tate agreed to waive past conduct credits under section 4019. We therefore reverse the award of zero days of section 4019 conduct credits in the order revoking probation and imposing the seven-year prison term, and remand the matter for the limited purpose of determining Tate's eligibility for conduct credits under section 4019 for the time period after she waived section 4019 credits at the October 18, 2013 hearing.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Section 4019 provides credits against a defendant's period of confinement for good conduct. (See generally *People v. Brown* (2012) 54 Cal.4th 314.)

## PROCEDURAL BACKGROUND[3]

A.    *Proceedings in the trial court*

1.    *The information*

On September 10, 2012, the People charged Tate with felony child abuse (§ 273a, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a)).  The People also alleged that Tate had suffered three prison priors (§ 667.5, subd. (b)).

On September 19, 2012, Tate pled guilty to the charges and admitted the prison prior allegations.  The following month, on October 18, 2012, the trial court imposed a seven-year prison sentence, suspended execution of the sentence, and placed Tate on probation on the condition that she serve 90 days in county jail.

A year later, on October 18, 2013, Tate admitted that she had violated a term of her probation.  During the hearing, at which the court reinstated Tate on probation, the court asked her, "Do you agree to waive your 4019 good-time credits?"  Tate responded, "Yes, sir."  The court then said, "Okay.  You are sentenced to 365 with credits then of 269, because you are waiving the 268 days, and [I] authorize you to be

---

3    Because the facts underlying Tate's conviction are not relevant to her contention on appeal, we do not provide a recitation of those facts.

released from the custody of the sheriff of San Diego County to any authorized residential inpatient treatment program."[4]

In December 2014, Tate admitted to another probation violation. The trial court again reinstated Tate's probation, and modified probation by ordering Tate to attend a child-abuse treatment program. At that hearing, the trial court attempted to address the credits that Tate had earned up until that point in time, and appeared to provide numbers for both actual time in custody, as well as good conduct credits, saying "372 and 282 for a total —." At this point, the probation officer interrupted and stated, "Your Honor, she previously waived." The court then said, "Oh. 372 and 0." This was the only discussion regarding Tate's section 4019 credits at the December 2014 hearing.[5]

On May 1, 2015, Tate again admitted to violating her probation. On May 22, 2015, the trial court imposed the seven-year prison term. The court awarded Tate 423 days of actual custody credits, and zero days of section 4019 conduct credits.

Tate filed a timely notice of appeal.

---

[4] The minute order from the October 2013 hearing states, with respect to the section 4019 credits, "Defendant waives past, present and future PC4019 credits."

[5] The minute order from the December 2014 hearing states, "Previously waived PC4019's on 10-18-13 remain waived."

III.

DISCUSSION

A.    *The record demonstrates that Tate waived only those section 4019 conduct credits earned as of October 18, 2013*

Tate contends that the trial court awarded her zero days of section 4019 conduct credits based on the erroneous conclusion that she had waived all such credits, even those earned *after* the December 11, 2014 hearing at which the court revoked and reinstated her probation.  We conclude that the trial court erred in failing to award Tate any days of section 4019 conduct credits for time spent in custody after the October 18, 2013 hearing, the sole hearing at which she waived any section 4019 credits.[6]

1.    *Governing law*

a.    *Section 4019*

Section 4019 provides in relevant part:

"(a) The provisions of this section shall apply in all of the following cases:

"[¶] . . . [¶]

---

[6]    Apparently assuming that Tate also waived her section 4019 credits at the December 11, 2014 hearing (possibly because the transcript of that hearing was not originally designated as part of the record on appeal), Tate's appellate counsel has argued only that she is entitled to section 4019 credits for "the time spent in custody from the date of her final arrest until the date of her final sentencing on May 22, 2015."  However, we ordered the record augmented with the transcript from the December 11, 2014 hearing.  As we discuss further below, we conclude that Tate did not waive either past or future section 4019 credits at that hearing.  We therefore conclude that the court erred not only in failing to award Tate conduct credits for time she spent in custody after her final arrest until the date of final sentencings in May 2015, but also in failing to award Tate any conduct credits for any time she spent in custody after the October 18, 2013 hearing.

"(2) When a prisoner is confined in or committed to the county jail . . . as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence, in a criminal action or proceeding.

"[¶] . . . [¶]

"(4) When a prisoner is confined in a county jail . . . following arrest and prior to the imposition of sentence for a felony conviction.

"[¶] . . . [¶]

"(b) . . . [F]or each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(c) For each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp."

   b.  *Waiver of section 4019 credits*

"A prisoner may waive presentence credits, including conduct credits, as part of a negotiated disposition." (*People v. Lara* (2012) 54 Cal.4th 896, 903, fn. 3.) In *People v. Black* (2009) 176 Cal.App.4th 145, 154 (*Black*), the court considered a defendant's waiver of section 4019 credits:

   " 'As with the waiver of any significant right by a criminal defendant, a defendant's waiver of entitlement to section [4019] credits must, of course, be knowing and intelligent.' [Citation.] 'The gravamen of whether such a waiver is knowing and

6

> intelligent is whether the defendant understood he was relinquishing or giving up custody credits to which he was otherwise entitled under section [4019].' " (*Black*, *supra*, at p. 154.)

In other words, a defendant's waiver of section 4019 credits "must be clear, voluntary, and informed." (*People v. Eastman* (1993) 13 Cal.App.4th 668, 678 (*Eastman*).)

2.      *Analysis*

The record indicates that on October 18, 2013, Tate "agree[d] to waive [her] 4019 good-time credits." This language is sufficient to demonstrate that Tate knowingly and intelligently waived any section 4019 credits that she had already earned as of the date of this hearing. (See *Black*, *supra*, 176 Cal.App.4th at p. 152.) However, based on the authority of *Black*, we also conclude that Tate's waiver did not include in its scope a waiver of future section 4019 credits.

In *Black*, the defendant was in custody after having her probation revoked. (*Black*, *supra*, 176 Cal.App.4th at p. 149.) She executed an application and agreement (Agreement) to participate in a drug court program. (*Id.* at p. 152.) The Agreement contained a provision that stated that the defendant agreed to " 'waive all [section] 4019 credits as a condition of participating' " in the program. (*Ibid.*) The defendant was released from custody to a drug rehabilitation facility on that same day, September 24, 2007. (*Id.* at p. 149.)

On appeal, the defendant argued that the waiver was invalid because her attorney had not discussed the implication of this provision and the court had not admonished her on the record with respect to the waiver of section 4019 credits.

7

(*Black*, *supra*, 176 Cal.App.4th at p. 152.) The *Black* court rejected this argument, but concluded that, based on the language of the defendant's waiver, the waiver applied only to credits that she had accrued *prior* to September 24, 2007, the date on which the defendant executed the Agreement that contained the waiver of section 4019 credits. The People agreed:

> "The People's position is that the waiver applies to all section 4019 credits accrued prior to September 24, 2007, the date defendant signed the Agreement. The People concede defendant should have been awarded section 4019 credits for any time spent in custody after September 24, 2007, and a limited remand for a proper calculation of credits is therefore appropriate. On the record before us, we cannot detect a basis for disagreeing with the People's position." (*Black*, *supra*, at p. 155.)

Tate's waiver is essentially indistinguishable from the waiver addressed in *Black*. Tate "agree[d] to waive [her] 4019 good-time credits," and the defendant in *Black* agreed to " 'waive all [section] 4019 credits as a condition of participating' " in a drug program (*Black*, *supra*, 176 Cal.App.4th at p. 152). Given the language of Tate's waiver—i.e., that Tate "agree[d] to waive [her] 4019 good-time credits"—we conclude that Tate made a "clear, voluntary, and informed" (*Eastman*, *supra*, 13 Cal.App.4th at p. 678) waiver of already-earned conduct credits, but not future credits. The trial court's statement immediately after Tate's waiver is consistent with the waiver of past credits, in that the court referred only to a waiver of Tate's previously earned credits: "You are sentenced to 365 with credits then of 269, because you are waiving the 268 days . . . ." Further, there was nothing else that occurred during the probation

8

revocation and reinstatement hearing that would suggest that Tate agreed to waive any and/or all section 4019 conduct credits that she might earn in the future.[7]

On December 11, 2014, Tate did not make any further waiver of section 4019 credits. Rather, the probation officer suggested to the court that Tate had waived her section 4019 credits, apparently assuming, along with the court, that Tate's October 18, 2013 waiver constituted a waiver of both past and future credits. As we have concluded, however, nothing that occurred at the October 18, 2013 hearing indicated that Tate agreed to waive *future* section 4019 credits. Further, nothing that occurred at the December 11, 2014 hearing would indicate that Tate agreed to waive any *past or future* section 4019 credits as of the date of that hearing. Accordingly, we conclude that the record does not demonstrate that Tate effectuated a "clear, voluntary, and informed" waiver of the right to earn section 4019 credits after the date of her October 18, 2013 probation revocation hearing. (*Eastman*, *supra*, 13 Cal.App.4th at p. 678; see also *Black*, *supra*, 176 Cal.App.4th at p. 155 [concluding defendant's waiver of section 4019 credits did not extend to potential future credits earned after the date of the waiver].) Under these circumstances, a limited remand to the trial court for a redetermination of section 4019 conduct credits is appropriate. (See *Black*, *supra*, at p. 155.)

---

[7] The statement in the October 2013 minute order that Tate "waives past, present and future PC4019 credits" is simply not supported by transcript of that hearing. There was no recorded discussion of the possible application of Tate's waiver of section 4019 credits to any *future* credits that she might earn.

IV.

DISPOSITION

The portion of the May 22, 2015 order awarding zero days of section 4019 conduct credits is reversed. The matter is remanded to the trial court for the limited purpose of determining Tate's eligibility for conduct credits under section 4019 for the time period after the date of her October 18, 2013 probation revocation hearing. In all other respects, the May 22, 2015 order is affirmed.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.

10