Filed 2/25/25  P. v. Sebold CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HEATHER LYNN SEBOLD,<br><br>    Defendant and Appellant. | H052162, H052329<br>(Monterey County<br> Super. Ct. No. 22CR000831) |

In case No. H052162, defendant Heather Lynn Sebold appeals from a judgment sentencing her to three years in prison for a domestic violence conviction after she admitted a probation violation.  In case No. H052329, she appeals from a later order modifying her sentence and reinstating probation.  Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of her right to submit written argument on her own behalf, and she did not do so.  Independently reviewing the record under *People v. Wende* (1979) 25 Cal.3d 436, we identified an issue regarding presentence credit and requested supplemental briefing.  Both parties confirmed an error in the credit awarded to defendant; we agree and will correct the error.

## I.    TRIAL COURT PROCEEDINGS

### A.  THE UNDERLYING CASE

In January 2022, after drinking alcohol all day, defendant had a verbal and physical altercation with a man she was living with.  According to the probation report, she attacked him with a knife and attempted to stab him in the upper chest or neck.

When the man's son intervened, defendant attacked him and cut his forehead with the knife. Defendant was charged with two counts of attempted murder (Pen. Code, § 187, subd. (a), 664; unspecified statutory references are to the Penal Code), two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), domestic violence (§ 273.5, subd. (a)), and misdemeanor assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). As to the attempted murder counts, it was alleged that defendant personally used a deadly weapon. (§ 12022, subd. (b)(1).)

Defendant pleaded guilty to the domestic violence and misdemeanor assault charges in February 2022, with the understanding that she would be granted probation. In October 2022, the court placed her on three years' probation, including the condition that she serve 90 days in jail. The remaining counts were dismissed.

## B. VIOLATIONS OF PROBATION

In January 2023, defendant was alleged to have violated probation by failing to submit to a drug test and report a change of address. Probation was reinstated in August 2023 and extended to May 2026 with the additional condition of 275 days in jail. In December 2023, defendant was alleged to have committed another violation by failing to report to probation after her release from custody. She admitted the violation in March 2024.

In April 2024, the court terminated probation and sentenced defendant to the middle term of three years on the domestic violence count. The court awarded 376 days of presentence credit, based on 188 days of actual custody and 188 days of corresponding conduct credit. (A concurrent term of 100 days jail on the misdemeanor assault count was deemed served as of sentencing.) Defendant appealed the sentence (case No. H052162).

## C. SENTENCE MODIFICATION

Defendant requested a sentence modification, and a hearing on the request was held in June 2024. At the hearing, the court asked defense counsel whether defendant

was "willing to waive all credits over 250 days for all purposes?" After speaking with defendant, counsel confirmed defendant was "in agreement to waive all credits in excess of 250 days" if probation were reinstated. The court granted the request and reinstated probation for three years, on the condition that defendant serve 365 days in custody after waiving "[a]ll credits over 250 … for all purposes."

After defendant confirmed that she understood and accepted the new conditions of probation, the court clerk inquired as to defendant's "current credits" and the court asked the probation officer, "Having waived everything over 250 how should they read on the minute order?" The probation officer replied, "I believe through today's date she has 497, 249 plus 248. [¶] And if the court is having her waive credits over 250 days, 125 plus 124 would be her new credits as of today." The minute order indicates that defendant received 249 days of presentence credit, based on 125 days of actual custody and 124 days of conduct credit. Defendant again appealed (case No. H052329).

## II. DISCUSSION

We have reviewed the record in case No. H052162 and found no arguable issue. After reviewing the record in case No. H052329, we requested supplemental briefing on the question of whether awarding defendant only 249 days of presentence credit was correct.

The parties agree that because defendant waived presentence credit *over* 250 days, she was entitled to exactly 250 days of credit. We agree and will modify the trial court's order accordingly. The California Supreme Court has held that defendants may waive their entitlement to presentence credit. (*People v. Johnson* (2002) 28 Cal.4th 1050, 1054–1055 (*Johnson*).) By its express terms, defendant's waiver applied only to any presentence credit *over* 250 days. She was therefore entitled to 250 days.

We also asked the parties to address the proper apportionment of presentence credit between actual custody days and conduct credit, which was not addressed by the parties on the record at the sentence modification hearing. As the parties note, the trial

3

court's award of 249 days derived from applying the formula set forth in section 4019. Under that formula, eligible defendants receive two days of conduct credit for every two days actually spent in custody; a defendant who spends an odd number of days in custody is not entitled to a corresponding day of conduct credit for the final day of actual custody. (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.)  A defendant who serves 125 actual days in custody would thus be entitled to a maximum of 124 days in corresponding conduct credit.

Here, at the time of the sentence modification, defendant had accrued 249 days of actual custody credit and would have been entitled to 248 days of corresponding conduct credit.  The parties appear to correctly agree that the scope of defendant's *Johnson* waiver was not limited by section 4019; in other words, she could enter a valid waiver that left her with presentence credit not fitting the statutory formula.  (See, e.g., *People v. Tate* (2016) 248 Cal.App.4th 332, 337–338 [waiver of only conduct credit].)  Defendant suggests we award her 125 or 126 actual days (along with the corresponding days of conduct credit necessary to result in 250 total days of presentence credit) so as to minimize deviation from the section 4019 formula.  But because neither 125 nor 126 days of actual custody would result in 250 days of total credit under the standard section 4019 calculation, some deviation is necessary, and we cannot presume defendant understood her waiver would leave her with a lesser number of actual custody days than the 249 she had served.  (Cf. *People v. Arevalo* (2018) 20 Cal.App.5th 821, 831 [defendant who waived credits over 365 days understood he would retain 183 actual days and 182 days of conduct credit].)  We will instead modify the order to reflect 249 days of actual custody and one day of conduct credit, as the Attorney General acknowledges is permissible and appropriate on this record.

### III.    DISPOSITION

The judgment dated April 4, 2024, is affirmed.  The order dated June 4, 2024, is modified to award defendant 250 days of presentence credit, consisting of 249 days of

4

actual custody and one day of conduct credit.  As so modified, the order is affirmed.  The trial court is directed to prepare an amended minute order reflecting the modification.

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


**H052162, H052329**
***The People v. Sebold***