Filed 9/5/24  P v. Heimlich CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>KENNETH ALEXANDER HEIMLICH,<br><br>   Defendant and Appellant. | G061974<br><br>(Super. Ct. No. 19NF1502)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge. Reversed in part and remanded with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A criminal defendant is entitled to credits for the number of days spent in custody prior to sentencing (custody credits). Ordinarily, a trial court also grants additional credits for good conduct based on a formula devised by the Legislature (conduct credits). (Pen. Code, § 4019.)[1]

If a defendant is mentally incompetent to stand trial, proceedings are suspended. Incompetent defendants are usually treated while in custody in a state mental hospital, but incompetent defendants can also be treated while in custody in a county jail. (See § 1368 et seq.)

Incompetent defendants are currently entitled to conduct credits regardless of whether they are housed in a state mental hospital or a county jail. (§ 4019.) But in an earlier version of section 4019 (effective 2019 through 2021), incompetent defendants housed in state hospitals *did not have* the opportunity to earn conduct credits, while incompetent defendants housed in county jails *did have* the opportunity to earn conduct credits.

The sole issue in this appeal is whether this temporary unequal treatment of incompetent defendants violated the equal protection clause. There is presently a split of authority among the appellate courts. (*People v. Orellana* (2022) 74 Cal.App. 5th 319 [finding no equal protection violation]; *People v. Yang* (2022) 78 Cal.App.5th 120 (*Yang*) [finding an equal protection violation]; *People v. Shkrabak* (2023) 89 Cal.App.5th 943 (*Shkrabak*) [same].) We agree with the holdings in *Yang* and *Shkrabak*.

Kenneth Alexander Heimlich was charged with several crimes and found incompetent to stand trial. From October 2020 to February 2021, Heimlich was treated in a state mental hospital and restored to competency. Heimlich was later tried and convicted. When imposing a sentence, the trial

---

[1] Undesignated statutory references are to the Penal Code.

court did not award Heimlich conduct credits for the time he was housed in the state hospital. We find this was an equal protection violation.

Thus, we reverse Heimlich's sentence and remand for recalculation of his presentence custody and/or conduct credits. In all other respects, the judgment is affirmed.


I.

FACTS AND PROCEDURAL BACKGROUND

In June 2019, Heimlich tried to take a bicycle from a man. When the man refused to give up his bicycle, Heimlich severely beat him. Later that day, Heimlich severely beat a second man and took his wallet. Heimlich then punched a third man who tried to intervene. During his processing into jail, Heimlich took off his shoes and threw them at an officer.

In September 2019, the prosecution filed an information charging Heimlich with various crimes: attempted murder, robbery, assault with means of force likely to cause great bodily injury, battery with serious bodily injury, and battery on a police officer. Great bodily injury enhancements were also alleged as to some of the charges.

In December 2019, the trial court found Heimlich incompetent to stand trial and suspended criminal proceedings. In January 2020, the court ordered Heimlich to be delivered to the custody of the Department of State Hospitals. In October 2020, Heimlich was admitted to Atascadero State Hospital. In February 2021, the Medical Director signed a "Certificate of Mental Competency," and Heimlich was later returned to the county jail.

In February 2021, the trial court found Heimlich competent to stand trial and proceedings were reinstated. In August 2022, after an eight-day trial, the jury could not reach a verdict as to the attempted murder

3

charge and the prosecution dismissed that charge. The jury found Heimlich guilty of the remaining charges or lesser included offenses. The jury also found true three great bodily injury allegations.

In October 2022, the trial court sentenced Heimlich to a 10-year prison term. The court awarded 1,344 days of presentence credits to be applied against Heimlich's prison term (1,235 custody credits and 109 conduct credits).[2] The court found Heimlich was not entitled to conduct credits for the time he spent in the Atascadero State Hospital because of the version of section 4019 that was in effect during his hospital commitment.

## II.

### DISCUSSION

From January 1, 2019, to December 31, 2021, incompetent defendants housed in state hospitals *did not have* the opportunity to earn conduct credits, while incompetent defendants housed in county jails *did have* the opportunity to earn conduct credits. In this appeal, Heimlich claims this version of section 4019 violated the equal protection clause. We agree.

Heimlich's equal protection claim is a challenge to a prior version of section 4019. This is a pure question of law; therefore, we apply an independent standard of review. (See *Yang, supra,* 78 Cal.App.5th at p. 125 [equal protection challenge to section 4019 is reviewed de novo].)

In the remainder of this discussion, we shall: A) review relevant legal principles regarding presentence credits; B) review relevant legal

---

[2] There are discrepancies in the record as to the precise date when Heimlich began his state hospital commitment. At sentencing, the trial court determined Heimlich had spent 512 days in the hospital, but the parties agree this calculation was in error.

4

principles regarding the equal protection clause; and C) analyze whether the version of section 4019 that was in effect from January 1, 2019, to December 31, 2021, violated the equal protection clause.

*A. Presentence Credits*

A defendant convicted of a felony is generally entitled to credits applied against an eventual "term of imprisonment" for any actual time spent in custody before sentencing (custody credits). (§ 2900.5, subd. (a).) The location of a defendant's custody commitment includes "any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, *hospital*, prison, juvenile detention facility, or similar residential institution." (§ 2900.5, subd. (a), italics added.)

In addition to custody credits, additional credits are ordinarily available to a prisoner for good conduct during presentence confinement (conduct credits). (§ 4019.) "For each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from the prisoner's period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp." (§ 4019, subd. (c).)

"Historically, 'section 4019 has provided that defendants confined in specific facilities and various settings may earn conduct credit for performing assigned labor and for complying with applicable rules and regulations.'" (*Shkrabak*, *supra*, 89 Cal.App.5th at pp. 947–948.) Prior to January 1, 2019, incompetent defendants who were treated in state hospitals or other facilities were not statutorily eligible for conduct credits under section 4019. (*Yang*, *supra*, 78 Cal.App.5th at p. 125.)

5

Effective January 1, 2019, Senate Bill No. 1187 amended section 4019 by adding subdivision (a)(8). Section 4019 now provided that prisoners undergoing competency restoration treatment in county jail facilities would be eligible for conduct credits. (Stats. 2018, ch. 1008, § 5.)

"Senate Bill 1187 was enacted to ensure that [incompetent] defendants being held and treated in county jail would be entitled to earn conduct credits just as other jail inmates. (Assem. Com. On Public Safety, Rep. on Sen. Bill No. 1187 (2017–2018 Reg. Sess.) as amended May 25, 2018, p. 5.) Although legislative analyses reflected the Legislature's express awareness that [incompetent] defendants in a state hospital were not statutorily or constitutionally entitled to conduct credit under [former] section 4019, the analyses disclosed no explanation why the Legislature—at that point—declined to similarly extend the availability of conduct credit to such defendants." (*Yang, supra*, 78 Cal.App.5th at pp. 126-127.)

Effective January 1, 2022, Senate Bill No. 317 further amended section 4019 to provide that prisoners receiving competency treatment in a state hospital could now also receive conduct credits.[3] (Stats. 2021, ch. 599, § 3, eff. Jan. 1, 2022.) "The legislative history indicates the bill was meant to 'ensure[] incompetent defendants are eligible for the same time served credit for good conduct as their competent counterparts, while receiving treatment in any treatment facility or as an outpatient, not just . . . county jail treatment.'" (*Yang, supra*, 78 Cal.App.5th at p. 127.)

Consequently, from January 1, 2019, to December 31, 2021,

---

[3] "When a prisoner is confined in or committed *to a state hospital* or other mental health treatment facility, or to a county jail treatment facility in [mental incompetency] proceedings . . . ." (§ 4019, subd. (a)(8), italics added.)

6

incompetent defendants housed in state hospitals *were not able to earn conduct credits* under section 4019, while incompetent defendants housed in county jails *were able to earn conduct credits* under section 4019. The sole issue in this appeal is whether this temporary unequal treatment of incompetent defendants was an equal protection violation.

## B. *Equal Protection*

"The equal protection clause . . . provides that no state may 'deny to any person within its jurisdiction the equal protection of the laws.' [Citation.] This provision is 'essentially a direction that all persons similarly situated should be treated alike.' [Citation.] 'At core, the requirement of equal protection ensures that the government does not treat a group of people unequally without some justification.'" (*People v. Hardin* (2024) 15 Cal.5th 834, 847, fn. omitted.)

The California Supreme Court recently clarified how California state courts are to approach the analysis of facial challenges to statutes on equal protection grounds. (*Hardin, supra*, 15 Cal.5th at pp. 850–851.) The Court held that "when plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection, courts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question. The only pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review." (*Ibid.*)

""'[I]n cases involving 'suspect classifications' or touching on 'fundamental interests' . . . courts . . . subject[] the classifications to strict scrutiny.'" [Citation.] Under strict scrutiny, ""*the state* bears the burden of

7

establishing not only that it has a compelling interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose."'"' (*Yang, supra,* 78 Cal.App.5th at p. 131.) The strict scrutiny test requires that the law being challenged is both narrowly tailored and the least restrictive means possible to achieve a compelling governmental interest. (*San Antonio School District v. Rodriguez* (1973) 411 U.S. 1, 16–17.)

"'[W]here the law challenged neither draws a suspect classification nor burdens fundamental rights, the question we ask is different. We find a denial of equal protection only if there is no rational relationship between a disparity in treatment and some legitimate government purpose.'" (*Yang, supra,* 78 Cal.App.5th at p. 131.)

*C. Application and Analysis*

Again, this case concerns only the former version of section 4019 that was in effect from January 1, 2019, to December 31, 2021. Specifically, the equal protection question is whether section 4019's temporary denial of conduct credits to incompetent defendants housed in state hospitals (as opposed to those housed in county jails) was justified under the appropriate standard of review (strict scrutiny or rational basis).

The parties disagree on whether the strict scrutiny or the rational basis test applies to Heimlich's equal protection claim. Heimlich argues the strict scrutiny test applies because his inability to earn conduct credits effectively increased the number of days he must spend in prison, and therefore his fundamental liberty rights are burdened by section 4019's unequal treatment of incompetent defendants. (See *People v. Lara* (2012) 54 Cal.4th 896, 905–906 ["We need not take issue with the proposition that a person who is released a day early is punished a day less. The very purpose of

8

conduct credits is to foster constructive behavior in prison by reducing punishment"].) The Attorney General argues that the rational basis test applies because it "appears more appropriate." We find that Heimlich plainly has the better argument.

As the Attorney General concedes, the California Supreme Court has "applied strict scrutiny, also referred to as the compelling state interest test, to evaluate disparities in the law concerning credit allowances." For instance, the Court held that the denial of conduct credits to mentally disordered sex offenders (MDSOs) affected their "fundamental" personal liberty interests; therefore, the Court in that case applied the strict scrutiny or compelling state interest test in an equal protection challenge. (*People v. Saffell* (1979) 25 Cal.3d 223, 228; see also *People v. Sage* (1980) 26 Cal.3d 498, 506–508 [compelling state interest test applied to law affecting conduct credits]; *People v. Waterman* (1986) 42 Cal.3d 565, 569 [same].)

Nonetheless, the Attorney General cites two appellate court opinions involving conduct credits where "courts have applied rational basis review." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 53; *In re Bender* (1983) 149 Cal.App.3d 380, 388–389.) However, we must obviously follow the precedents of the California Supreme Court, which has applied the strict scrutiny test. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["The decisions of this court are binding upon and must be followed by all the state courts"].)

In any event, the appellate court opinions cited by the Attorney General are distinguishable on their merits. (See *People v. Rajanayagam, supra,* 211 Cal.App.4th 42; *In re Bender, supra,* 149 Cal.App.3d 380.) In both cases, the defendants argued that amendments to section 4019 that were favorable to them should apply retroactively. But as the Supreme Court has

made clear, the equal protection clause cannot be used by a defendant to challenge the Legislature's discretion to make prospective-only changes to the law. (*People v. Brown* (2012) 54 Cal.4th 314, 329–330; see also *Yang*, *supra*, 78 Cal.App.5th at p. 130 ["In holding that the prospective-only application of the 2009 amendment did not violate equal protection principles, *Brown* was essentially rejecting the defendant's attempt to make an end-run around the amendment's non-retroactive application"].)

Here, Heimlich does not argue that the January 1, 2022, amendment to section 4019, which extended conduct credits to incompetent defendants in state hospitals applies retroactively. "Instead, the instant case concerns the disparate treatment of two groups of [incompetent] defendants whose confinement for competency treatment postdated [an earlier] statutory amendment [effective January 1, 2019,] that authorizes conduct credits only for those committed to a jail facility but not for those committed to a state hospital." (*Yang*, *supra*, 78 Cal.App.5th at pp. 130–131.)

To reiterate, we must apply the strict scrutiny (or compelling governmental interest) test to Heimlich's facial challenge to section 4019 under the equal protection clause. (See *People v. Saffell, supra,* 25 Cal.3d at p. 228; *People v. Sage, supra,* 26 Cal.3d at pp. 506–508 & fn. 6; *People v. Waterman, supra*, 42 Cal.3d at p. 569.)

Having resolved which equal protection test applies, we now proceed to analyze the state's (i.e., the Attorney General's) proffered justifications for not granting custody credits to incompetent defendants housed in state mental hospitals. (See *Yang*, *supra*, 78 Cal.App.5th at p. 136 ["under strict scrutiny, "'the *state* must first establish that it has a *compelling* interest which justifies the law and then demonstrate that the distinctions drawn by the law are necessary to further that purpose'""].)

10

The Attorney General appears to be proffering four justifications as to why the Legislature (for a three-year period) did not allow incompetent defendants who were being treated and restored to competency in state hospitals to earn conduct credits, while at the same time the Legislature did allow incompetent defendants who were being treated and restored to competency in county jails to earn conduct credits.

The Attorney General's first proffered justification is that the purpose of conduct credits is for a prisoner to conform to *jail* regulations; therefore, he argues: "The Legislature could have concluded that this incentive to behave remains appropriate to the *jail* setting, . . . but not necessary[ily] for those undergoing treatment in a state hospital, who are not around general population prisoners." (Italics added.)

But as the appellate court reasoned in *Yang*, "state hospitals— like jails—are structured environments governed by various rules. [Citations.] Thus, the same interest in incentivizing good behavior appears equally reasonable and workable for defendants receiving competency treatment in a state hospital where patients with varying issues and/or criminal histories or proclivities are housed. [Citations.] Finally, the notion that the availability of conduct credit would serve no purpose for [incompetent] defendants confined in a state hospital is undermined by the recent passage of Senate Bill 317 which, effective January 1, 2022, amended section 4019 to extend conduct credit to such defendants." (*Yang*, *supra*, 78 Cal.App.5th at p. 136.) We agree with the analysis in *Yang* and reject the Attorney General's first proffered justification.

The Attorney General's second proffered justification is: "The Legislature could have also rationally concluded that those receiving competency restoration in a county jail treatment facility receive a different,

11

and not as comprehensive treatment as those who receive competency restoration in a state hospital."

But the Attorney General offers no facts to support the premise of his argument, which is that incompetent defendants receive different kinds of treatment depending upon where they are housed. In any event, even if we were to accept this premise as true, we cannot fathom why the Legislature would not want to incentivize good behavior by incompetent defendants regardless of the kinds of treatment they may be receiving, and regardless of the location where they may be receiving the treatment (a hospital or a county jail). In short, we reject the Attorney General's second proffered justification under the compelling state interest (strict scrutiny) test.

The Attorney General's third proffered justification is "because county jail treatment is intended to be an interim measure only, before transfer to state hospital."

But as the court noted in *Yang*, based on the legislative history of section 4019, the Legislature's impetus for extending competency treatment to incompetent defendants housed in county jail facilities was to address "a longstanding problem with bed availability in state hospitals for treating [incompetent] defendants." (*Yang*, *supra*, 78 Cal.App.5th at p. 137.) The *Yang* court reasoned that: "Every defendant found incompetent to stand trial meets the same standard for commitment (§ 1367, subd. (a)), and the circumstance that an [incompetent] defendant may be committed to either a jail facility or a state hospital depending on the availability of a bed provides yet another reason to invalidate the challenged conduct credit disparities." (*Ibid*.) We again agree with the analysis in *Yang* and reject the Attorney General's third proffered justification.

The Attorney's General's fourth proffered justification is frankly

12

difficult to understand. By way of background information, defendants who are convicted of serious felonies are generally limited to 15 percent conduct credits, meaning that they must effectively serve 85 percent of their total sentences. (§ 2933.1.) Section 2933.1's limitation to conduct credits appears to apply to incompetent defendants while they are being treated in a county jail, but it does not appear to apply to incompetent defendants while they are being treated in a hospital. Based on this differential treatment of violent and nonviolent defendants under section 2933.1, the Attorney General argues, incompetent "defendants in appellant's position who were subject to the section 2933.1 limitation would receive a windfall that their counterparts in county jail did not, thus justifying the Legislature not immediately extending the benefit."

What is perplexing about the Attorney General's argument is that Heimlich's equal protection claim is plainly *a facial challenge to section 4019,* and not a challenge to section 2933.1, or any other statute. Under the version of section 4019 as it existed from January 1, 2019, to December 31, 2021, incompetent defendants were not able to earn conduct credits while they were being housed in state hospitals, regardless of whether they were later convicted of violent felonies or nonviolent felonies. In short, we fail to understand how the 15 percent credit limitation for defendants convicted of violent felonies under section 2933.1 has any bearing on our equal protection analysis of Heimlich's facial challenge to the former version of section 4019. (See *Yang, supra,* 78 Cal.App.5th at p. 136 ["incentivizing good behavior appears equally reasonable and workable for defendants receiving competency treatment in a state hospital where patients with varying issues and/or criminal histories or proclivities are housed"].)

To conclude, we hold that the Legislature's denial of conduct

13

credits under section 4019 to incompetent defendants housed in state hospitals from January 1, 2019, to December 31, 2021, was not justified by any compelling governmental interests and therefore the law constituted a violation of the equal protection clause. (Accord, *Yang, supra,* 78 Cal.App.5th 120; *Shkrabak, supra,* 89 Cal.App.5th 943.)

In this case, Heimlich was found incompetent to stand trial and he was housed in a state hospital for approximately two months during the relevant timeframe. And at the time of his sentencing hearing, the trial court denied Heimlich conduct credits under section 4019 while he was in the hospital. Thus, we find that Heimlich's sentence was in violation of the equal protection clause. We remand this matter for an accurate determination of the number of credits Heimlich is entitled to during his presentence confinement at the county jail and at Atascadero State Hospital.

III.

DISPOSITION

Heimlich's sentence is reversed; the matter is remanded. The trial court is directed to recalculate Heimlich's presentence custody credits, and to award the number of conduct credits Heimlich is entitled to under section 4019. The court should prepare an amended abstract of judgment and forward it to the Department of Corrections.

14

In all other respects, the judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.